The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY ZHONG and NAN ZHONG,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF WASHINGTON,<br><br>Defendant. | Case No. 2:25-cv-00348-JLR<br><br>DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS<br><br>Noted for August 13, 2025 |

Defendant the Regents of the University of Washington ("UW") respectfully requests that the Court take judicial notice of the documents described below and attached to the simultaneously-filed Declaration of Robert M. McKenna ("Defendant's Exhibits") pursuant to the doctrines of incorporation by reference and judicial notice. This Request is made in support of Defendant's Motion to Dismiss the Complaint for Declaratory and Injunctive Relief and Damages ("Motion to Dismiss").

**ARGUMENT**

Pursuant to the doctrines of incorporation by reference and judicial notice and for the reasons set forth below, UW respectfully asks the Court to consider the following Exhibits:

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

| Ex. | Document | Incorporated by Reference | Subject to Judicial Notice |
|---|---|---|---|
| 1 | UW News Blog Post "UW ranks among best in the world, fourth among US public institutions" | Yes | Yes |
| 2 | UW's Webpage: "About the UW" | Yes | Yes |
| 3 | UW Paul G. Allen School of Computer Science & Engineering Webpage: "Who We Are" | Yes | Yes |
| 4 | UW News Release: "UW's 2023 Historic Incoming Class: One of the Most Diverse and at UW Bothell and UW Tacoma, the Largest" (Oct. 19, 2023) | Yes | Yes |
| 5 | UW News Release: "UW's 2024 Entering Class is Most Diverse" (Oct. 14, 2024) | Yes | Yes |
| 6 | 2025 U.S. News & World Report: "Best Computer Science Schools" |  | Yes |
| 7 | Paul G. Allen School of Computer Science & Engineering Undergraduate Education, Allen School Undergraduate Programs Webpage: "Admissions; Undergraduate Education" | Yes | Yes |
| 8 | Paul G. Allen School of Computer Science & Engineering Webpage: "Admissions, Direct to Major (First-Year) Admissions" | Yes | Yes |
| 9 | UW's Office of Admissions Webpage: "Holistic Review" | Yes | Yes |
| 10 | National Merit Scholarship Corporation Fact Sheet: "Information about the 2025 National Merit Scholarship Competition" |  | Yes |
| 11 | UW Paul G. Allen School of Computer Science & Engineering Webpage: "Who We Are, Broadening Participation, Undergraduate Demographics" | Yes | Yes |
| 12 | Ryan Quinn, *U of Washington Faculty Search Weighed Race Inappropriately* (Nov. 3, 2023) | Yes |  |
| 13 | UW Office of Admissions Webpage: "Freshmen by the Numbers" | Yes | Yes |

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

A. **The Court May Consider Information on UW Webpages Because Plaintiffs Incorporated the Information by Reference.**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). While courts must draw all reasonable inferences from the complaint in favor of the plaintiff, "this does not permit a plaintiff to pick and choose excerpts from a document when the claims turn on its entire contents." *Fife v. Sci. Games Corp*., No. 2:18-CV-00565-RBL, 2018 WL 6620485, at *2-3 (W.D. Wash. Dec. 18, 2018) (quoting *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018)); *see Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (observing "the policy concern underlying the rule [of incorporation by reference]: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"), *abrogated on other grounds by Abrego v. Dow Chem. Co*., 443 F.3d 676, 681-82 (9th Cir. 2006).

The doctrine of incorporation by reference is used by Courts to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja*, 899 F.3d at 1002). Accordingly, "a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (internal quotation marks omitted). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Hartman v. Wash. Dep't of Children Youth & Families*., No. C24-0554JLR, 2024 U.S. Dist. LEXIS 167566, at *5 (W.D. Wash. Sep. 17, 2024) (Robart, J.) (emphasis added) (quoting *United States*

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1  *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (approving incorporation by reference when "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document"). A "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hartman*, 2024 U.S. Dist. LEXIS 167566, at *5 (Robart, J.) (quoting *Ritchie*, 342 F.3d at 908); *see In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (a defendant may "us[e] the doctrine[] of… incorporation by reference to" refute "a plaintiff's conclusory allegations").

Over the past two decades, courts have made explicit that incorporation by reference extends not only to documents, but to cited webpages and even websites. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference webpages related to those referenced in the complaint, holding that "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages"); *Fife*, 2018 WL 6620485, at *2-3 (incorporating by reference screen shots of the defendant's website beyond those attached by the plaintiff to the complaint); *Libman v. Apple, Inc.*, No. 22-CV-07069-EJD, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (holding that Apple's welcome screens were incorporated by reference into the complaint because the plaintiff's "claims each relate[d] to whether Apple disclosed its [data] collection practices" and the welcome screens "reflect[ed] Apple's representations about its privacy practices and privacy settings"); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 884 n.2 (C.D. Cal. 2024) (granting a defendant's request for judicial notice of a page from its website where "the Privacy Policy is incorporated into the [complaint] by virtue of the [complaint's] references to the website's privacy policies… and [because the webpage's] authenticity is not disputed").

Here, Plaintiffs' allegations rely almost exclusively on selective statistics and quotations

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

from UW's website.[1]  As detailed below, Plaintiffs cherry-pick these statistics and excerpts from UW's website and present them without the context of the complete information contained in the webpages in which they are found.  Instead, Plaintiffs omit the complete statistical reports and complete quotations that weaken and extinguish their claims.  Accordingly, pursuant to the doctrine of incorporation by reference, the Court may, and Defendant requests the Court to, consider these documents and webpages in their entirety "as though they are part of the [C]omplaint itself," and "assume [the] contents are true for purposes of a motion to dismiss[.]" *Khoja*, 899 F.3d at 1002-03.

The documents and webpages, which the Court may consider pursuant to incorporation by reference generally, fall into three buckets:  (1) documents and webpages that provide the complete set of statistics that Plaintiffs excerpt; (2) documents and webpages that set forth UW's admissions and holistic review policies and criteria; and (3) UW's online marketing materials and its news and blog webpages.

*Statistics (Def. Exs. 4, 5, 7, 8, 11, 13).*  Plaintiffs selectively cite statistics from UW's websites that they believe demonstrate that UW engages in racial discrimination (*see* Compl. at ¶ 110, Ex. 55 (enrollment statistics from 2013), Ex. 56 (partial enrollment statistics from 2024)); however, they fail to provide the full set of statistics available on UW's website, which are relevant here.  For example, Plaintiffs fail to cite overall UW undergraduate enrollment statistics from the year Stanley Zhong applied to the Allen School, 2023, (Def. Ex. 4), fail to cite more complete statistics from 2024 (Def. Ex. 5), and omit the latest three-year average (Def. Ex. 13).  Plaintiffs also fail to cite enrollment statistics specific to the Allen School, the only school to which Stanley Zhong applied (Def. Exs. 7, 8, 11).  Because Plaintiffs themselves rely extensively on partial UW enrollment statistics published on UW's website in support of their claims, the Court should consider all of the relevant enrollment statistics published on UW webpages.  Plaintiffs cannot reasonably challenge the truth, accuracy, or authenticity of these more complete

---

[1] Plaintiffs make various allegations concerning discrimination at other universities, which are irrelevant to their claims against UW and thus irrelevant to this discussion.

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

1  enrollment statistics: If Plaintiffs trust the truthfulness, accuracy, and authenticity of the UW-published statistics they cite enough to rely on them in their Complaint and certify compliance with Rule 11, then Plaintiffs can have no principled, facially-plausible claim that the UW-published statistics they do not cite are any less truthful, accurate, or authentic. Accordingly, this Court should consider these exhibits as incorporated by reference and assume they are true for the purposes of resolving the Motion to Dismiss.

*Admission Policies (Def. Exs. 8, 9).* Plaintiffs repeatedly reference and rely on their characterization of UW's holistic admissions policy; however, they never attach any details concerning the policy. *See, e.g.*, Compl. at ¶¶ 102-105. Indeed, Plaintiffs' entire Complaint is premised on the belief that UW's "holistic review[]" "conceal[s] discriminatory practices against Asian-American applicants," *id.* at ¶ 105, and allows UW the "means and opportunity to manipulate the racial composition of its student body," *id.* at ¶ 102. Much as a party's reference to (or reliance on) a contract in a complaint allows for consideration of the actual contract at the motion to dismiss stage, here, Plaintiffs' extensive reference to, reliance on, and characterization of UW's admissions policy incorporates that policy by reference. *See Williams v. Fed. Deposit Ins. Corp.*, No. 09-504RAJ, 2011 WL 13193362, at *3 (W.D. Wash. Aug. 30, 2011) (considering contracts not attached to the complaint on a motion to dismiss because, "if a complaint refers to another document or its claims are predicated on another document, the court may consider that document even if it is not attached to the complaint"), *aff'd*, 492 F. App'x 796 (9th Cir. 2012). Accordingly, the Court should consider Defendant's Exhibits 8 (Allen School webpage titled "Admissions") and 9 (UW webpage titled "Holistic Review"), which set forth the UW's publicly-available admissions and holistic review criteria for the purposes of resolving the Motion to Dismiss.

*UW Marketing Materials (Def. Exs. 1-5).* Plaintiffs selectively cite portions of UW's marketing materials on UW's website (Compl. at ¶ 84, Ex. 44) and its news or blog posts (*id.* at Ex. 55) that support their view of UW admissions policy and practices. These citations are incomplete, and, by cherry-picking these marketing webpages concerning UW generally and

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

UW's news or blog posts, Plaintiffs have incorporated by reference additional UW marketing webpages (Def. Exs. 2, 3) and news or blog posts (Def. Exs. 1, 4, 5). Again, Plaintiffs may not highlight some statements and ignore the context in which they are found, and Plaintiffs have no reasonable argument that these webpages setting forth general information about UW or the news or blog posts on UW webpages are any less truthful, accurate, or authentic, than those he relies on and certifies under Rule 11. Thus, the Court should consider these webpages and assume they are true for the purposes of resolving the Motion to Dismiss.[2]

Accordingly, Defendants request that the Court consider the following Exhibits: Defendant's Exhibits 1-5, 7-9, and 11-13.

**B.    The Court May Take Judicial Notice of UW Webpages.**

The Court may separately consider this same list of UW webpages in Defendant's Exhibits 1-5, 7-9, 11, and 13 at the motion to dismiss stage by taking judicial notice of these Exhibits pursuant to Federal Rule of Evidence 201. Pursuant to Rule 201, courts "may judicially notice a fact that is not subject to reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *See* Fed. R. Evid. 201(b)(2).

Courts routinely take judicial notice of information contained on state and federal government websites. *See, e.g.*, *United States v. Garcia*, 855 F.3d 615, 621-22 (4th Cir. 2017) (***taking judicial notice of the facts*** contained on the USCIS website); *Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1297 n.4 (10th Cir. 2017) (taking judicial notice of information on the EPA's and Wyoming Department of Environmental Quality's websites); *United States v. Iverson*, 818 F.3d 1015, 1021-22 (10th Cir. 2016) (taking judicial notice of reports on the FDIC website); *Swindol v. Aurora Flight Sci. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of printouts of online public records from the Mississippi Secretary of State's and Virginia

---

[2] The same applies to Defendant's Exhibit 12: Plaintiffs attach as Exhibit 53 the cover page of an article titled "U of Washington Faculty Search Weighed Race Inappropriately" and cite the content of that article in paragraph 106 of the Complaint but do not attach the full article. Defendant's Exhibit 12 is that full article, and the Court should incorporate the article by reference.

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

State Corporation Commission's websites); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of population statistics publicly available on the Virginia Division of Legislative Services' website); *Chapman v. S.F. Newspaper Agency*, No. C 01-02305 CRB, 2002 WL 31119944, at *2 (N.D. Cal. Sept. 20, 2002) (taking judicial notice of a printout of delivery confirmation from United States Postal Service "Track & Confirm" webpage); *EEOC v. E.I. DuPont de Nemours & Co.*, No. CIV.A. 03-1605, 2004 WL 2347559, at *1 (E.D. La. Oct. 18, 2004) (taking judicial notice of a "table of information compiled by the United States Census Bureau" printed from Census Bureau website).

This practice extends to information on the website of a public university or school. *See, e.g.*, *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information, undisputed by the parties, made available on public school websites); *Caldwell v. Univ. of N.M. Bd. of Regents*, 679 F. Supp. 3d 1087, 1154 n.28 (D.N.M. 2023) (taking judicial notice of fact from public university website because "it comes from UNM's official website and cannot reasonably be questioned"); *see also Jeandron v. Bd. of Regents of Univ. Sys. of Md.*, 510 F. App'x 223, 227 (4th Cir. 2013).

Again, Plaintiffs themselves rely on information from UW webpages as truthful, accurate, and authentic. Thus, Plaintiffs cannot reasonably dispute the facts contained therein nor question the authenticity of this information, and the Court may take judicial notice of the information contained in the UW webpages set forth in Defendant's Exhibits 1-5, 7-9, 11, and 13.

**C.     The Court May Take Judicial Notice of Online Academic and News Publications.**

Finally, the Court may take judicial notice of two additional online publications because they are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned":

*Defendant's Exhibit 6:*  UW attaches the U.S. News and World Report's ranking of Best Computer Science Schools. It is widely accepted in the jurisdiction—and by Plaintiffs' (*see* Compl. at ¶ 25)—that the U.S. News and World Report is a reputable publication that is neither

2:25-cv-00348-JLR
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

subject to reasonable dispute nor whose accuracy can be reasonably questioned. Thus, the Court should take judicial notice of Defendant's Exhibit 6.

*Defendant's Exhibit 10*: UW attaches a fact sheet published by the National Merit Scholarship Corporation ("NMSC"). Plaintiffs rely on rankings by the NMSC as evidence of Stanley Zhong's academic ability and, thereby, aver that information published by the NMSC is not subject to reasonable dispute nor can be reasonably questioned. Thus, the Court should take judicial notice of Defendant's Exhibit 10.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court consider Defendant's proffered Exhibits 1-13 pursuant to the doctrines of incorporation by reference and judicial notice and consider the exhibits in connection with the Court's adjudication of Defendant's contemporaneously filed Motion to Dismiss.

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Respectfully submitted this 16th day of July, 2025.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Robert M. McKenna*
    Robert M. McKenna (WSBA No. 18327)
    rmckenna@orrick.com
    401 Union Street, Suite 3300
    Seattle, WA  98101-2668
    Telephone:  +1 206 839 4300
    Facsimile:  +1 206 839 4301

By: *s/Marc Shapiro*
    Marc Shapiro (*Pro Hac Vice*)
    mshapiro@orrick.com
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone:  +1 212 506 5000

By: *s/Matthew D. LaBrie*
    Matthew D. LaBrie (*Pro Hac Vice*)
    mlabrie@orrick.com
    222 Berkeley Street, Suite 2000
    Boston, MA 02116
    Telephone:  +1 617 880 1802

*Special Assistant Attorneys General*
*Attorneys for Defendant The Regents of the University of Washington*

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

# DECLARATION OF SERVICE

I hereby certify that I caused the foregoing motion to be served on all parties registered for e-service in this matter via the Court's e-filing platform, and that, per the parties' agreement, I caused the foregoing motion to be sent via email to Stanley Zhong,

Dated: July 16, 2025

                                                                *s/Robert M. McKenna*
                                                                 Robert M. McKenna

DEFENDANT'S REQUEST FOR JUDICAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300