UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **Stanley Zhong; Nan Zhong,** individually and as next friend of his **Minor Son,**<br><br>Plaintiffs,<br><br>v.<br><br>**The Regents of the University of Washington; et al.,**<br><br>Defendants. | Case No. 2:25-cv-00348<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>January 9, 2026 |

# I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15, Plaintiffs Stanley Zhong and Nan Zhong ("Plaintiffs") respectfully move this Court for leave to file the attached Second Amended Complaint ("SAC").

The proposed amendment is driven by two material factors: (1) the acquisition of critical new evidence—specifically, the Allen School's "DEIA Strategic Plan" containing explicit racial targets—and (2) a significant effort to streamline the pleadings for the benefit of the Court, reducing the complaint's length by more than 50%.

# II. REASONS FOR AMENDMENT

**A. Discovery of Material Evidence (The "DEIA Plan")** Since the previous filing, Plaintiffs have obtained a complete copy of the *Paul G. Allen School 5-Year Strategic Plan for Diversity, Equity,*

*Inclusion, and Access* ("DEIA Plan"). This document contains specific, numerical enrollment targets (e.g., "at least 15%") for specific racial groups. This evidence is central to Plaintiffs' Equal Protection and Title VI claims, as it moves the allegations from inference to direct proof of a racially engineered admissions system. Justice requires that the pleadings accurately reflect this critical evidentiary development.

**B. Judicial Economy (Reduction in Length)** In an effort to aid the Court and the Defendants in efficiently addressing the issues, Plaintiffs have substantially revised the complaint. The proposed SAC reduces the filing from 119 pages to 52 pages. The amendment focuses on the factual allegations and essential legal elements, thereby streamlining the litigation.

## III. GOOD CAUSE FOR DELAY

While Plaintiffs acknowledge the timeline for this filing has been extended, the delay was caused by a convergence of significant personal hardships and good-faith procedural efforts that constitute excusable neglect:

1. **Family Bereavement and Overseas Obligations:** On November 10, 2025, Plaintiff Nan Zhong's father passed away. Plaintiff Nan Zhong was required to remain in China for funeral rites and related family ceremonies until November 24, 2025. This extended absence, combined with the necessary period of mourning, significantly impacted Plaintiffs' ability to focus on litigation tasks during that critical window.
2. **Efforts to Proceed with Counsel and Transition to Pro Se Status:** During this period, Plaintiffs were in communication with prospective local counsel whose law license was in the process of reactivation. Plaintiffs held a reasonable expectation that this counsel would appear to assist with the SAC. However, the reactivation has not materialized, and there is no clear ETA. Thus, on December 12, 2025, it was mutually agreed with counsel

that Plaintiffs would proceed *pro se* to move the case forward immediately and prevent the imminent harm to Minor Son, who faces an approaching application cycle under the challenged policies.

3. **Meet and Confer Efforts and Defendants' Position:** Plaintiffs attempted to resolve this filing by stipulation to avoid burdening the Court, informing UW Counsel of both the family bereavement and the local counsel license situation. The discussions regarding a stipulation concluded on December 18, 2025, without agreement.

The stipulation failed because Defendants conditioned their consent on Plaintiffs waiving future procedural rights. Specifically, in an email dated December 18, 2025, UW counsel stated: *"In any event, we cannot accept your proposal in the absence of a representation that (1) you have definitively elected to forgo representation in this matter or (2) you will not seek leave to further amend your complaint if you intend to secure representation."* Plaintiffs could not agree to waive their fundamental right to retain counsel or to seek future amendments should discovery reveal further misconduct.

On December 18, 2025, Defendants provided the following statement regarding their opposition to this Motion:

*"UW opposes the motion because UW has already filed one motion to dismiss that was met with an amended complaint and because UW understands that Plaintiffs continue to seek counsel, anticipate securing counsel while this motion is pending, and may seek leave again to amend at that juncture. As provided for in the parties' prior stipulation, UW maintains the sensible and efficient course of action is to stay the litigation while Plaintiffs seek counsel."*

Plaintiffs respectfully disagree that a stay is "sensible." A stay would unduly prejudice Minor Son, who faces an impending application cycle under the very policies challenged

in the Second Amended Complaint. Proceeding *pro se* with this amendment is necessary to prevent the expiration of claims and address the imminent harm to Minor Son without unbounded delay.

## IV. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave when justice so requires." The Ninth Circuit applies this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Granting leave here serves the interests of justice. It allows the case to be decided on its merits based on more detailed evidence (the DEIA Plan) while relieving the Court and Defendants of the burden of responding to a significantly longer prior pleading. There is no prejudice to Defendants, as the case is in its early stages and no discovery has yet been conducted. Furthermore, denying leave would unduly prejudice Plaintiffs, particularly Minor Son, who requires a timely adjudication of these constitutional issues before he is subjected to the same discriminatory process.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

/s/ Stanley Zhong

Stanley Zhong (Pro Se)

211 Hope St #390755

Mountain View, CA 94039

/s/ Nan Zhong

Nan Zhong (Pro Se)

211 Hope St #390755

Mountain View, CA 94039

nanzhong1@gmail.com

**Dated:** December 19, 2025