The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY ZHONG and NAN ZHONG,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE REGENTS OF THE UNIVERSITY OF WASHINGTON,<br><br>  Defendant. | Case No. 2:25-cv-00348-JLR<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Noted for January 9, 2026 |

**INTRODUCTION**

Defendants the Regents of the University of Washington, the University of Washington ("UW"), Ana Mari Cauce, Paul Seegert, Magdalena Balazinska, Tadayoshi Kohno, and Chloe Dolese Mandeville oppose not the substance of the proposed Second Amended Complaint ("SAC") filed by Plaintiffs Stanley Zhong, Nan Zhong, and Nan Zhong as next of friend of Minor Son ("Plaintiffs") but the schedule and process Plaintiffs propose in their Motion for Leave ("Motion" or "Mot.").

Plaintiffs insist upon filing an amended complaint (their second) while reserving the right to file another in the midst of motion to dismiss briefing. Were that to occur, it would effectuate the third restart of the litigation. To be clear, Defendants are agnostic as to how many amended complaints Plaintiffs wish to file. What Defendants seek to avoid—and ask this Court to prevent— is having to spend public funds briefing seriatim motions to dismiss on seriatim amended

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC: 2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

complaints. This was the concern Defendants raised with Plaintiffs months ago and re-raised in response to Plaintiffs' most recent attempts to amend. However, Plaintiffs were unwilling to commit to any such proposal that would avoid this waste of resources. Accordingly, Defendants ask this Court to hold Plaintiffs' motion in abeyance for four months (allowing for additional space to secure counsel and, as necessary, file an amended complaint) or until Plaintiffs represent they are prepared to proceed with complete and uninterrupted briefing on Defendants' forthcoming motion to dismiss, whichever is shorter.

## BACKGROUND

A year into this litigation, Plaintiffs ask to restart it a second time—with the prospect of a third in the next few months.

By way of background, on February 21, 2025, Plaintiffs filed their Original Complaint for Declaratory and Injunctive Relief and Damages. Dkt. 1. Following an extension, on July 16, 2025, UW filed its Motion to Dismiss. Dkt. 18. The Parties then negotiated a draft Joint Status Report and Discovery Plan. Declaration of Matthew D. LaBrie In Support of Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint ("LaBrie Decl.") ¶ 3. But soon thereafter, Plaintiffs informed UW that, in lieu of filing an opposition to UW's motion to dismiss, they intended to file a FAC with additional allegations and defendants. *Id.* ¶ 3. To accommodate Plaintiffs' FAC, on July 25, 2025, Defendants proposed, and Plaintiffs agreed, to jointly move to reset the case deadlines. Dkt. 21. The Court granted the request and struck UW's pending Motion to Dismiss with leave to refile by the appointed date. Dkt. 22. On August 6, 2025, Plaintiffs filed their FAC, which added allegations and purported to add 25 new defendants: five UW employees in their personal and official capacities and "PERSONS DOES 1-20 acting in concert with those named above[.]" Dkt. 23.

On September 26, 2025, the Parties participated in a confidential mediation facilitated by Judge Leighton (ret.) of WAMS. Dkt. 31 ¶ 12. The Parties did not resolve their disputes during the mediation. *Id*.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC: 2:25-cv-00348-JLR  - 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

Following those efforts, Plaintiffs informed Defendants that they wished to file a SAC and were still trying to find an attorney licensed in Washington to take their case. *Id.* at ¶ 13. To accommodate Plaintiffs' continuing efforts and avoid waste of taxpayer dollars occasioned by the likelihood of new counsel proposing a SAC, Defendants agreed to push out the case deadlines again. The Parties agreed to the below deadlines (as relevant here). *Id.* at ¶ 14.

| Event | Date |
|---|---|
| Deadline for Plaintiffs to provide Defendants their proposed Second Amended Complaint ("SAC") (if any) so that Defendants may review and determine whether to grant Plaintiffs leave to file pursuant to FRCP 15(a)(2) | November 24, 2025 |
| Deadline for Defendants to advise Plaintiffs of their position on Plaintiffs' proposed SAC (if any) | December 1, 2025 |
| Deadline for Plaintiffs to file SAC (if any) or motion for leave to file SAC | December 5, 2025 |

The express purpose of this revised schedule was to "allow Plaintiffs sufficient time to determine whether to further amend and time to determine whether they will retain counsel" and to "preserve the resources of the Defendants and of this Court" by not forcing Defendants to brief, and the Court to consider, motions to dismiss that would be mooted by later amendments to the complaint. *Id.* at ¶¶ 14-15. The Court granted the joint stipulation on October 14, 2025. Dkt. 32.

On November 24, 2025, counsel for Defendants emailed Plaintiffs to inquire whether they intended to file a SAC and asked for a copy to review per the October 14, 2025, Order. LaBrie Decl. ¶ 4. Nan Zhong replied later that day stating Plaintiffs had "just ***secured a local counsel***" and that he would "leave it to them to decide" whether to file a SAC, and that "[t]hey should contact you very soon." *Id.* The next day, Nan Zhong informed counsel for Defendants that his father passed away two weeks prior. *Id.* On November 25, 2025, counsel for Defendants informed Plaintiffs that, because Plaintiffs were now represented by counsel, counsel for Defendants could no longer communicate directly with Plaintiffs and requested Plaintiffs attorneys' contact information. *Id.* On November 26, Nan Zhong replied stating that "[i]t seems [their attorneys] are off for the holidays" and that he would "ask them to contact you early next week." *Id.*

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC: 2:25-cv-00348-JLR    - 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

Ten days later, on December 6, 2025, the day after Plaintiffs' deadline to file or seek leave to file a SAC, Nan Zhong emailed counsel for Defendants to state that they in fact *had not secured local counsel* and asked to extend the deadline to file the SAC until January 31, 2026. *Id.* ¶ 6. Nine days later, on December 15, 2025, Plaintiffs emailed counsel for Defendants stating that they "*have secured local counsel*," but that their counsel's Washington bar license had expired and was in the process of being reactivated. *Id.* Plaintiffs stated that they would "proceed *pro se* while the State completes the [license] reactivation[.]" *Id.*

In response, counsel for Defendants explained that they did not want to have to spend taxpayer funds briefing to dismiss a SAC if that SAC was just going to be amended again once Plaintiffs retained counsel, which Plaintiffs maintained they were still intending to do. *Id.* ¶ 7. Defendants ultimately proposed that, while they awaited activation of local counsel's bar membership, Plaintiffs voluntarily dismiss the case without prejudice in return for a four-month tolling agreement, which would afford Plaintiffs time to secure counsel and, as necessary, file a revised operative complaint. *Id.* Plaintiffs declined. *Id.*

Finally, Defendants offered to stipulate to the filing of Plaintiffs' SAC if Plaintiffs would represent either (1) that they had decided to forgo retaining counsel such that the proposed SAC would serve as the operative complaint throughout the motion to dismiss briefing schedule, or (2) that Plaintiffs would not seek to further amend the SAC if they did retain counsel. *Id.* ¶ 8. Plaintiffs declined. *Id.*

Plaintiffs filed the instant motion on December 19, 2025, seeking not only to amend the complaint for the second time, but to add another Defendant, the current President of UW, Robert J. Jones. Dkt. 33.

## ARGUMENT

Defendants do not oppose, in concept, Plaintiffs filing an amended complaint.[1] What Defendants oppose is this case proceeding—and Defendants spending public resources drafting a

---

[1] The SAC fails to correct the shortcomings of the FAC and is thus futile, and the Court could deny Plaintiffs' Motion on that ground alone.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC:  2:25-cv-00348-JLR — - 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

second motion to dismiss—when Plaintiffs appear intent on, or at least reserve the right to, requesting leave to file a *third* amended complaint after they retain counsel, which Plaintiffs have assured Defendants will occur.

Defendants should not be forced to expend public resources responding to a complaint that Plaintiffs intend to amend again. Defendants have made every effort to accommodate Plaintiffs' schedule and attempts to retain counsel. Defendants have proposed numerous procedural options that would allow Plaintiffs to preserve their claims, avoid any statute of limitation issues, and take the time necessary to retain counsel and draft and file a final operative complaint in order to preserve their claims. Plaintiffs have disregarded Defendants' concerns for efficiency and preservation of party and Court resources, refused all of Defendants' proposals, and, instead, insisted on seeking leave to file its SAC now.[2]

### I.  Plaintiffs Will Not Be Prejudiced If Leave to File a SAC Is Not Granted Now.

Plaintiffs present two arguments to support their claim that they must file their SAC now and not wait until they have counsel and a final complaint. Neither is valid.

First, Plaintiffs argue that "a stay would unduly prejudice Minor Son, who faces an impending application cycle." Mot. at 3-4. Plaintiffs filed their original complaint 10 months ago and have made no effort whatsoever to push their case forward since. Plaintiffs repeatedly sought and/or agreed to extensions of the schedule and, each time, stipulated that the extension would not prejudice Plaintiffs. *See* Dkt. 15 at ¶¶ 6-7; Dkt. 21 ¶ 10; Dkt. 25 ¶ 13. Plaintiffs also agreed not to begin discovery until after the earlier of a decision on a motion to dismiss or Defendants' answer. Dkt. 21 ¶ 8. And Plaintiffs already suggested in an email to counsel for Defendants that the parties agree to extend the deadline to file its SAC to January 31, 2026. None of these actions suggests any urgency. Plaintiffs have identified no change in circumstances that provides a basis for this

---

[2] Plaintiffs have made similar demands—unsuccessfully—in a materially identical case filed against the Regents of the University of Michigan, another public university. *See Zhong, et al. v. The Regents of the Uni. of Mich.*, Case No. 2:25-cv-10579 (E.D. Mich. 2025) at Dkt. 18, 19, 21. There, Plaintiffs stated they were going to file an amended complaint but refused to do so until after the defendant had moved to dismiss the currently operative complaint. *See id.* at Dkt. 18, 19. The defendant sought emergency relief and asked the court to require Plaintiffs to file their amended complaint before the defendant had to respond to the operative complaint in order to "avoid unnecessary motion practice and save resources." *Id.* at 18. The court agreed with the defendant. *Id.* at 21

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC: 2:25-cv-00348-JLR     - 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

1  newfound urgency nor explained why, this time, staying deadlines prejudices them. On the
2  contrary, Plaintiffs' proposed SAC expressly recognizes that the SAC is foreclosed by Ninth
3  Circuit case law because a minor child cannot be represented by a non-attorney parent, thereby
4  undermining the very reason articulated for filing the complaint. Dkt. 33.01 ¶ 140. Furthermore,
5  taken at face value, Plaintiffs' reason for insisting upon an amended complaint now (to achieve
6  expeditious resolution) is at odds with their refusal to disavow filing another amended complaint
7  while motion to dismiss briefing is pending. Simply stated, there is no urgency, and there is no
8  prejudice to Plaintiffs by holding in abeyance their motion to file a third *pro se* complaint—
9  particularly where Plaintiffs have expressly acknowledged they intend to secure counsel who will
10 likely ask to file yet another amended complaint.

11     Second, Plaintiffs argue that the SAC "amendment is necessary to prevent the expiration
12 of claims." Mot. at 4. This is incorrect as a matter of law. The viability of Plaintiffs' claims does
13 not change depending on whether a SAC is filed now or filed later, whether case deadlines are
14 stayed, or whether Plaintiffs voluntarily dismiss pursuant to a tolling agreement.

15     **II.     Defendants Will Be Prejudiced If Plaintiffs Are Granted Leave to File a SAC
16              Now.**

17     Despite the fact that Plaintiffs filed this case 10 months ago and despite that there is still
18 not a final complaint (and there will not be even if Plaintiffs are permitted to file their proposed
19 SAC), Defendants have nevertheless had to devote significant public resources responding to the
20 litigation. Defendants have already had to brief and file one motion to dismiss that was later
21 mooted on account of Plaintiffs' amended complaint. Defendants have had to negotiate and draft
22 multiple stipulations to amend scheduling orders. Defendants—at Plaintiffs' request given their
23 *pro se* status—had to draft the Parties' Joint Status Report and Discovery Plan, both of which, like
24 Defendants' first motion to dismiss, are now moot due to Plaintiffs' FAC and proposed SAC.
25 LaBrie Decl. ¶ 3. And now, Defendants have to brief this opposition because Plaintiffs refused to
26 agree on a common-sense resolution.

27
28

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC: 2:25-cv-00348-JLR      - 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

Defendants would therefore be prejudiced if Plaintiffs are granted leave to file their SAC unless all case deadlines are stayed until Plaintiffs either retain counsel and seek leave to file their final amended complaint or confirm that they will not seek to further amend their complaint prior to resolution of a motion to dismiss. Defendants would be forced to expend additional time and public funds to draft a motion to dismiss that Plaintiffs would soon moot. This is unnecessary waste and is prejudicial to Defendants.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court hold Plaintiffs' motion in abeyance for four months or until Plaintiffs represent they are prepared to proceed with complete and uninterrupted briefing on Defendants' forthcoming motion to dismiss, whichever is shorter.[3]

Once those four months expire, the parties stipulate to an amended complaint, or the Court rules on a motion to amend, Defendants request they have 30 days to file their renewed motion to dismiss, Plaintiffs have 30 days to file their opposition, and Defendants have 21 days to file their reply in support of their renewed motion to dismiss.

---

[3] As stated, to avoid any procedural concerns with requesting a stay of case deadlines in this Opposition, Defendants have concurrently filed a Motion to Stay Case Deadlines.

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC: 2:25-cv-00348-JLR — - 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

Dated: December 29, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Robert M. McKenna*
    Robert M. McKenna (WSBA No. 18327)
    rmckenna@orrick.com
    401 Union Street, Suite 3300
    Seattle, WA  98101-2668
    Telephone:  +1 206 839 4300
    Facsimile:  +1 206 839 4301

    Marc Shapiro (*pro hac vice*)
    mshapiro@orrick.com
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone:  +1 212 506 5000

    Matthew D. LaBrie (*pro hac vice*)
    mlabrie@orrick.com
    222 Berkeley Street, Suite 2000
    Boston, MA 02116
    Telephone:  +1 617 880 1802

*Special Assistant Attorneys General*
*Attorneys for Defendants*

I certify that this memorandum contains 2,259 words, in compliance with the Local Civil Rules.

Dated:  December 29, 2025

    *s/Robert M. McKenna*
    Robert M. McKenna

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC:  2:25-cv-00348-JLR
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300

# DECLARATION OF SERVICE

I hereby certify that I caused the foregoing document to be served on all parties registered for e-service in this matter via the Court's e-filing platform, and that, per the parties' agreement, I caused the foregoing document to be sent via email to Stanley Zhong.

Dated:  December 29, 2025

                                        *s/Robert M. McKenna*
                                        Robert M. McKenna

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SAC:  2:25-cv-00348-JLR    - 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
(206) 839-4300