The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY ZHONG and NAN ZHONG,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF WASHINGTON,<br><br>Defendant. | Case No. 2:25-cv-00348-JLR<br><br>DECLARATION OF MATTHEW D. LABRIE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Noted for January 9, 2026 |

I, Matthew D. LaBrie, declare as follows:

1. I am an attorney licensed to practice in the State of Massachusetts. I am a Partner with the law firm Orrick, Herrington & Sutcliffe LLP and am counsel of record for Defendant The Regents of the University of Washington ("UW") and have been admitted *pro hac vice*. I submit this declaration in support of UW's Opposition to Motion for Leave to File Second Amended Complaint.

2. On July 16, 2025, Defendant University of Washington filed its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 18. The Parties thereafter participated in a Rule 26(f) conference and UW drafted the Joint Status Report and Discovery Plan (at *pro se* Plaintiffs' request).

3. However, on July 23, 2025, after extended negotiations over the Joint Status Report and Discovery Plan, Plaintiffs informed Defendant UW that, in lieu of filing an

1  opposition to UW's motion to dismiss, they intended to file a FAC by right, that the FAC would
2  include new allegations, and that Plaintiffs continued to investigate whether additional entities
3  should be added as parties to the litigation.

4      4.    On November 24, 2025, counsel for Defendants emailed Plaintiffs to inquire
5  whether they intended to file a second amended complaint ("SAC") and asked for a copy to
6  review per the October 14, 2025, Order. Nan Zhong replied later that day stating Plaintiffs had
7  "just secured a local counsel" and that he would "leave it to them to decide" whether to file a
8  SAC, and that "[t]hey should contact you very soon."

9      5.    The next day, on November 25, 2025, Nan Zhong informed counsel for
10 Defendants that his father passed away two weeks prior. Counsel for Defendants informed
11 Plaintiffs that, because Plaintiffs were now represented by counsel, counsel for Defendants could
12 no longer communicate directly with Plaintiffs and requested Plaintiffs attorneys' contact
13 information. On November 26, Nan Zhong replied stating that "[i]t seems [their attorneys] are
14 off for the holidays" and that he would "ask them to contact you early next week."

15     6.    Ten days later, on December 6, 2025, the day after Plaintiffs' deadline to file or
16 seek leave to file a SAC, Nan Zhong emailed counsel for Defendants to state that they in fact
17 *had not secured local counsel* and asked to extend the deadline to file the SAC until January 31,
18 2026. Nine days later, on December 15, 2025, Plaintiffs emailed counsel for Defendants stating
19 that they "*have secured local counsel,*" but that their counsel's Washington bar license had
20 expired and was in the process of being reactivated. Plaintiffs stated that they would "proceed
21 *pro se* while the State completes the [license] reactivation[.]"

22     7.    In response, counsel for Defendants explained that Defendants did not want to
23 have to spend public funds briefing to dismiss to a SAC if that SAC was just going to be amended
24 again once Plaintiffs retained counsel, which Plaintiffs maintained they were still intending to
25 do. Defendants ultimately proposed Plaintiffs voluntarily dismiss the case in return for a four-
26 month tolling agreement in order to allow Plaintiffs time to secure counsel and file a revised
27 operative complaint. Plaintiffs declined.

28

DECLARATION OF MATTHEW D.
LABRIE ISO OPP. TO MOT. FOR LEAVE   - 2 -
TO FILE SAC: 2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

8. Finally, Defendants offered to stipulate to the filing of Plaintiffs' SAC if Plaintiffs would represent either (1) that they had no intention to retain counsel, such that newly retained counsel would not seek to further amend the SAC, or (2) that they would not seek to further amend the SAC if they did retain counsel. Plaintiffs declined.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December, 2025, in San Francisco, California.

*s/Matthew D. LaBrie*
Matthew D. LaBrie

## DECLARATION OF SERVICE

I hereby certify that I caused the foregoing document to be served on all parties registered for e-service in this matter via the Court's e-filing platform, and that, per the parties' agreement, I caused the foregoing document to be sent via email to Stanley Zhong,

Date: December 29, 2025.

                                       *s/Robert M. McKenna*
                                       Robert M. McKenna