The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STANLEY ZHONG and NAN ZHONG,

Plaintiffs,

v.

THE REGENTS OF THE UNIVERSITY OF WASHINGTON, et al.

Defendants.

Case No. 2:25-cv-00348-JLR

DEFENDANTS' MOTION TO STAY CASE DEADLINES

Noted for January 19, 2025

Defendants The Regents of the University of Washington, the University of Washington, Ana Mari Cauce, Paul Seegert, Magdalena Balazinska, Tadayoshi Kohno, and Chloe Dolese Mandeville ("Defendants") respectfully move this Court to stay all deadlines in the above-captioned litigation for the shorter of four months or until Plaintiffs Stanley Zhong, Nan Zhong, and Nan Zhong as next of friend of Minor Son ("Plaintiffs") submit a final operative complaint.

**ARGUMENT**

As set forth in detail in Defendants' concurrently filed Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, ("Opposition" or "Opp."), after Defendants moved to dismiss Plaintiffs' Original Complaint and after the Parties had engaged in extensive negotiations over and drafting of the Parties' Joint Status Report and Discovery Plan, Plaintiffs filed their First Amended Complaint. Opp. 2. Plaintiffs subsequently sought and/or agreed to multiple extensions to case deadlines and, in October 2025, stipulated to a further extension of

DEFENDANTS' MOTION TO STAY
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

1  deadlines to "allow Plaintiffs sufficient time to determine whether to further amend and time to
2  determine whether they will retain counsel" and to "preserve the resources of the Defendants
3  and of this Court" by not forcing Defendants to brief, and the Court to consider, motions to
4  dismiss that would be mooted by later amendments to the complaint. Dkt. 31 at ¶¶ 14-15. In
5  that stipulation, Plaintiffs agreed to provide Defendants their proposed SAC by November 24,
6  2025, and file their SAC by December 5, 2025. *Id.* The Court granted the joint stipulation on
7  October 14, 2025. Dkt. 32.

8  Plaintiffs failed to meet those deadlines. Plaintiffs assert that they are still in the process
9  of retaining counsel and now seek leave to file a SAC *pro se* but will not represent that they will
10 not seek to further amend their complaint prior to the resolution of Defendants' motion to
11 dismiss. Opp. 4. Plaintiffs also rejected Defendants' proposals that the Parties stay deadlines
12 or that Plaintiffs withdraw their complaint in exchange for a four-month tolling agreement to
13 allow Plaintiffs to retain counsel and refile a complaint that will remain final throughout motion
14 to dismiss briefing. *Id.* Instead, Plaintiffs filed their Motion for Leave to Amend on
15 December 19, 2025. Dkt. 33. Accordingly, Defendants have opposed Plaintiffs' Motion for
16 Leave on the grounds that Defendants should not be forced to continue to waste resources and
17 public funds moving to dismiss a SAC that will almost certainly be amended again before
18 Defendants file their motion to dismiss. Opp 4-7.

19 In its Opposition, Defendants requested that the Court hold Plaintiffs' Motion for Leave
20 to Amend in abeyance for four months (allowing for additional space to secure counsel and, as
21 necessary, file an amended complaint) or until Plaintiffs represent they are prepared to proceed
22 with complete and uninterrupted briefing on Defendants' forthcoming motion to dismiss,
23 whichever is shorter. *See generally* Opp. To avoid any procedural concerns with requesting a
24 stay of case deadlines in an opposition brief, Defendants separately file this Motion to Stay.

25 As set forth in Defendants' Opposition, Plaintiffs will not be prejudiced by this stay. *Id.*
26 at 5-6. Plaintiffs filed their original complaint 10 months ago and have made no effort
27 whatsoever to push their case forward since. Plaintiffs repeatedly sought and/or agreed to
28 extensions of the schedule and, each time, stipulated that the extension would not prejudice

Plaintiffs. *See* Dkt. 15 at ¶¶ 6-7; Dkt. 21 ¶ 10; Dkt. 25 ¶ 13. Plaintiffs also agreed not to begin discovery until after the earlier of a decision on a motion to dismiss or Defendants' answer. Dkt. 21 ¶ 8. And Plaintiffs already suggested in an email to counsel for Defendants that the parties agree to extend the deadline to file its SAC to January 31, 2026. Opp. 4. Furthermore, taken at face value, Plaintiffs' reason for insisting upon an amended complaint now (to achieve expeditious resolution) is at odds with their refusal to disavow filing another amended complaint while motion to dismiss briefing is pending. None of these actions suggest any urgency. Plaintiffs have identified no change in circumstances that could explain why, this time, staying deadlines prejudices them. Given Plaintiffs are still trying to retain counsel, and given Plaintiffs are almost certainly going to amend their proposed SAC again, which will just push out case deadlines even further, there is simply no urgency and, therefore, no prejudice.

However, failure to grant a stay, as explained in Defendants' Opposition, will prejudice Defendants. Opp. 6-7. If the case deadlines are not stayed—regardless of the outcome of Plaintiffs' Motion for Leave—Defendants will be forced to expend additional time and public funds to draft a motion to dismiss that Plaintiffs would soon moot when their anticipated newly retained counsel seeks to amend the complaint again. There is no reason to force Defendants to go through the unnecessary exercise of briefing a soon-to-be-moot motion to dismiss and expending further public funds to do so.

## CONCLUSION

Therefore, for the reasons set forth above and in Defendants' Opposition, Defendants respectfully request the Court to stay all case deadlines and hold Plaintiffs' Motion for Leave to Amend in abeyance for four months or until Plaintiffs represent they are prepared to proceed with complete and uninterrupted briefing on Defendants' forthcoming motion to dismiss, whichever is shorter.

DEFENDANTS' MOTION TO STAY
2:25-cv-00348-JLR — - 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

Respectfully submitted this 29th day of December, 2025.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Robert M. McKenna*
Robert M. McKenna (WSBA No. 18327)
rmckenna@orrick.com
401 Union Street, Suite 3300
Seattle, WA  98101-2668
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Marc Shapiro (*pro hac vice*)
mrshapiro@orrick.com
51 West 52nd Street
New York, NY 10019-6142
Telephone:  +1 212 506 5000

Matthew D. LaBrie (*pro hac vice*)
mdlabrie@orrick.com
222 Berkeley Street, Suite 2000
Boston, MA  02116
Telephone:  +1 617 880 1802

*Special Assistant Attorneys General*
*Attorneys for Defendants*

I certify that this memorandum contains 866 words, in compliance with the Local Civil Rules.

Dated:  December 29, 2025

*s/Robert M. McKenna*
Robert M. McKenna

DEFENDANTS' MOTION TO STAY
2:25-cv-00348-JLR
- 4 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

**DECLARATION OF SERVICE**

I hereby certify that I caused the foregoing document to be served on all parties registered for e-service in this matter via the Court's e-filing platform, and that, per the parties' agreement, I caused the foregoing document to be sent via email to Stanley Zhong,

Dated: December 29, 2025.

*s/Robert M. McKenna*
Robert M. McKenna

DEFENDANTS' MOTION TO STAY
2:25-cv-00348-JLR
- 5 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300