UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **Stanley Zhong; Nan Zhong,** individually and as next friend of his **Minor Son,**<br><br>Plaintiffs,<br><br>v.<br><br>**The Regents of the University of Washington; et al.,**<br><br>Defendants. | Case No. 2:25-cv-00348-JLR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Noted for January 9, 2026 |

## I. INTRODUCTION

Defendants do not meaningfully dispute that Plaintiffs' proposed Second Amended Complaint ("SAC") contains substantive, plausible allegations. Instead, they urge the Court to deny or delay amendment based on speculative efficiency concerns and a proposed four-month stay. This position is inconsistent with Federal Rule of Civil Procedure 15(a)(2)'s liberal amendment policy and ignores the time-sensitive nature of the challenged admissions cycle.

This litigation remains at the pleadings stage. No discovery has occurred, and no scheduling order governing trial has been entered. Defendants identify no bad faith and no legal prejudice. Furthermore, their opposition ignores that Plaintiffs Stanley Zhong and Nan Zhong are adult litigants entitled to proceed *pro se* immediately. Under controlling law, leave to amend should be granted to allow the case to be decided on the merits.

## II. LEGAL STANDARD

**A. Rule 15(a)(2) Strongly Favors Amendment** Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." The Ninth Circuit applies this standard "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In evaluating a motion for leave to amend, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) prior amendments. *Id.* Of these, prejudice is the "touchstone" of the inquiry. *Id.* at 1052.

**B. Rule 16(b) Is Satisfied by Good Cause** Even under the stricter "good cause" standard of Rule 16(b), amendment is appropriate where circumstances justify modification and the moving party acted diligently. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Plaintiffs acted diligently in the face of significant personal hardship (bereavement) and administrative hurdles (counsel licensing).

## III. ARGUMENT

**A. Defendants Do Not Argue Substantive Futility** Notably absent from Defendants' Opposition is any argument that the *substance* of the SAC is legally deficient. Defendants do not contend that the new allegations—including the specific evidence of the "DEIA Strategic Plan"—fail to state a claim. Courts routinely grant leave where the legal sufficiency of the claims is not meaningfully contested.

**B. A Stay Would Prejudice Plaintiffs (The Admissions Cycle)** Defendants argue that a four-month stay causes no harm. This is factually incorrect. College admissions are cyclical and time-sensitive. Freezing this case for four months significantly increases the risk that another

admissions cycle will proceed under the challenged policies, underscoring the need to allow the case to move forward promptly on the merits.

**C. Plaintiffs Have Acted Diligently; Defendants' Narrative is Incomplete** Defendants argue that Plaintiffs have failed to "move the case forward," but this narrative omits critical context. First, significant early delays in this matter resulted from **Defendants' own request for an extension** of time to respond to the initial complaint—a professional courtesy Plaintiffs granted in good faith. It is inequitable for Defendants to now rely on the resulting timeline as a basis to oppose amendment. Second, Plaintiffs sought amendment promptly. The request to extend the filing deadline to January 31, 2026, which Defendants cite as evidence of delay, originated from Plaintiffs' prospective local counsel based on her scheduling availability, not from any desire by Plaintiffs to stall the litigation. Once it became clear that there was no definite timeline for local counsel's license reactivation, Plaintiffs promptly filed the motion for leave to file the SAC pro se to avoid further delay. This reflects diligence, not neglect.

**D. Representation Issues Should Be Decided on a Motion to Dismiss, Not Used to Block Amendment** Defendants argue that leave to amend should be denied because Plaintiff Nan Zhong cannot represent "Minor Son" *pro se*. This objection is misplaced at the amendment stage. First, Plaintiffs Stanley Zhong and Nan Zhong are adult litigants proceeding *pro se* with independent, viable claims. Even if the Court concludes that the Minor Son requires counsel, that partial defect does not render the *entire* SAC futile. It would be an error to block Stanley Zhong and Nan Zhong's claims based on a procedural issue affecting a different co-plaintiff. Second, questions regarding standing or capacity to sue are properly adjudicated through a Motion to Dismiss (Rule 12), where they can be fully briefed on the merits, rather than used as a barrier to filing an amended pleading under Rule 15. The most efficient course is to allow the SAC to be filed and address any representation issues through standard motion practice, rather than imposing a stay.

**E. Clarification Regarding Defendants' Proposed Stipulation**

1. **The Waiver of Counsel Demand:** Defendants state in their opposition that they "offered to stipulate to the filing of Plaintiffs' SAC if Plaintiffs would represent either (1) that they had decided to forgo retaining counsel such that the proposed SAC would serve as the operative complaint throughout the motion to dismiss briefing schedule, or (2) that Plaintiffs would not seek to further amend the SAC if they did retain counsel." (Opp. at 4.) That characterization differs from the contemporaneous correspondence. In their December 18 email, Defendants conditioned consent on Plaintiffs making a representation that "(1) you have definitively elected to forgo representation in this matter or (2) you will not seek leave to further amend your complaint if you intend to secure representation." Plaintiffs declined to sign a stipulation requiring waiver of the right to retain counsel or to seek further amendment. That decision reflects diligence and preservation of procedural rights, not inefficiency or bad faith.

2. **The Deficient Dismissal Proposal:** Defendants initially proposed voluntary dismissal without addressing tolling. After Plaintiffs raised statute-of-limitations concerns, the parties discussed tolling. Plaintiffs ultimately elected to proceed by amendment rather than dismissal to ensure preservation of their claims and avoid further delay.

**F. Adding the Newly Appointed University President Is Proper** Defendants note that the SAC adds the **newly appointed** University of Washington President, Robert J. Jones, as a defendant. President Jones assumed office on August 1, 2025. Updating the complaint to name the current official with authority to implement the Court's orders is standard practice in actions seeking prospective injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908). This ensures that any future injunction regarding admissions policies can be effectively enforced against the current administration.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to File the Second Amended Complaint (Dkt. 33) and allow this action to proceed on the merits.

**Dated:** December 30, 2025

Respectfully submitted,

/s/ Stanley Zhong

Stanley Zhong (Pro Se)

211 Hope St #390755

Mountain View, CA 94039

/s/ Nan Zhong

Nan Zhong (Pro Se)

211 Hope St #390755

Mountain View, CA 94039

nanzhong1@gmail.com