UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY ZHONG, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>THE UNIVERSITY OF WASHINGTON BOARD OF REGENTS, et al.,<br><br>            Defendants. | CASE NO. C25-0348JLR<br><br>ORDER |

Before the court are two motions: (1) *pro se* Plaintiffs Stanely Zhong and Nan Zhong's motion to file a second amended complaint (MTA (Dkt. # 33); Reply (Dkt. # 37); *see also* Prop. SAC (Dkt. # 33-1)) and (2) Defendants' motion to stay case deadlines (MTS (Dkt. # 36)). Defendants oppose Plaintiffs' motion. (Resp. (Dkt. # 34).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Plaintiffs' motion to amend and DENIES Defendants' motion to stay case deadlines.

ORDER - 1

     Plaintiffs seek leave to file a second amended complaint to address "the acquisition of critical new evidence" and reduce the length of the complaint. (MTA at 1.) Although they do not oppose amendment, (Resp. at 4), Defendants assert that they would suffer prejudice "unless all case deadlines are stayed until Plaintiffs either retain counsel and seek leave to file their final amended complaint or confirm that they will not seek to further amend their complaint prior to resolution of a motion to dismiss" (Resp. at 7; *see also* MTS at 2 (seeking the same relief)).

     Federal Rule of Civil Procedure 15(a)(2) provides that, at this stage in the litigation, Plaintiffs may amend the complaint "only with [Defendants'] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires[,]" *id*., and "[a]bsent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

     Here, the court concludes that a stay of case deadlines is unwarranted because Defendants' claims of prejudice overstate the risk of harm. The court has not yet set a trial date or issued a case schedule, and Plaintiffs' complaints have not been tested by a motion to dismiss. (*See generally* Dkt.) Defendants' motion to stay invites the court to speculate about the status of Plaintiffs' representation and to preemptively restrict Plaintiffs' ability to seek leave to amend in response to new information obtained in discovery. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, the court places Plaintiffs on notice that they must show good cause to further amend their complaint in the future. *Id*.

Furthermore, if Defendants move to dismiss Plaintiffs' second amended complaint, Plaintiffs must timely respond to that motion. *See* Local Rules W.D. Wash. LCR 7(d)(3) (requiring the party opposing a motion to dismiss to file its responsive brief no later than 21 days after the filing date of the motion). The court will not entertain a further motion for leave to amend until after it decides Defendants' motion to dismiss.

Thus, on this basis, the court GRANTS the motion to amend (Dkt. # 33) and DENIES the motion to stay (Dkt. # 36). Plaintiffs are ORDERED to file the second amended complaint (Dkt. # 33-1) on the docket by no later than **March 3, 2026**.

Dated this 17th day of February, 2026.

JAMES L. ROBART
United States District Judge