The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STANLEY ZHONG and NAN ZHONG,

Plaintiffs,

v.

THE REGENTS OF THE UNIVERSITY OF WASHINGTON in their official capacities; THE UNIVERSITY OF WASHINGTON; ANA MARI CAUCE, in their personal capacity and their official capacity as the President of the University of Washington; ROBERT J. JONES, in his official capacity as the President of the University of Washington; PAUL SEEGERT, in their personal capacity and their official capacity as the Director of Admissions at the University of Washington; MAGDALENA BALAZINSKA, in their personal capacity and their official capacity as Chair of the Paul G. Allen School of Computer Science & Engineering at the University of Washington, TADAYOSHI KOHNO, in their personal capacity and their official capacity as Associate Director of the Allen School for DEIA (Diversity, Equity, Inclusion & Access); CHLOE DOLESE MANDEVILLE, in their personal capacity and their official capacity as Assistant Director for Diversity & Access; OTHER DOES 10-20 acting in concert with those named above,

Defendants.

Case No. 2:25-cv-00348-JLR

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Noted for April 27, 2026

Defendants respectfully request that the Court take judicial notice of the documents described below and attached to the simultaneously filed Declaration of Robert McKenna ("Defendants' Exhibits" or "Def. Exs.") pursuant to the doctrines of incorporation by reference

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

and judicial notice.   This Request is made in support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion to Dismiss").

## ARGUMENT

Pursuant to the doctrines of incorporation by reference and judicial notice and for the reasons set forth below, Defendants respectfully ask the Court to consider the following Exhibits:

| Ex. | Document | Incorporated by Reference | Subject to Judicial Notice |
|---|---|---|---|
| 1 | UW News Blog Post:  "UW ranks among best in the world, fourth among US public institutions" (Oct. 9, 2024) | Yes | Yes |
| 2 | UW's Webpage:  "About the UW" | Yes | Yes |
| 3 | UW Paul G. Allen School of Computer Science & Engineering Webpage:  "Who We Are; About the Paul G. Allen School" | Yes | Yes |
| 4 | UW News Release:  "UW's 2023 historic incoming class: one of the most diverse and at UW Bothell and UW Tacoma, the largest" (Oct. 19, 2023) | Yes | Yes |
| 5 | UW News Release:  "UW's 2024 entering class is most diverse" (Oct. 14, 2024) | Yes | Yes |
| 6 | 2025 U.S. News & World Report:  "Best Computer Science Schools" | | Yes |
| 7 | Paul G. Allen School of Computer Science & Engineering Webpage:  "Undergraduate Education; Admissions; Allen School Undergraduate Programs" | Yes | Yes |
| 8 | Paul G. Allen School of Computer Science & Engineering Webpage:  "Undergraduate Education; Admissions; Direct to Major (First-Year) Admissions" | Yes | Yes |
| 9 | UW's Office of Admissions Webpage:  "First-Year; Holistic Review" | Yes | Yes |
| 10 | UW Civil Rights Compliance Office Webpage:  "Policies & Guidance; Compliance Checklist; Admissions and Scholarships Checklist" | Yes | Yes |
| 11 | National Merit Scholarship Corporation Fact Sheet:  "Information about the 2026 National Merit Scholarship Competition" | | Yes |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS    - 2 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

| Ex. | Document | Incorporated by Reference | Subject to Judicial Notice |
|---|---|---|---|
| 12 | UW's Office of Admissions Webpage: "Admission to Majors; First-Year; Your Major and the Application for Admission" | Yes | Yes |
| 13 | Asian American Coalition for Education: "Testimony of Mr. Yukong Zhao, before the Congressional Subcommittee on Higher Education and Workforce Development Hearing Titled 'How SCOTUS's Decision on Race Based Admissions is Shaping University Policies': Appendix A: 'Stanley Zhong, an exceptional student rejected by 16 colleges in 2023'" | Yes | Yes |
| 14 | USA Today: "California high school grad lands job at Google after being rejected by 16 colleges" (Oct. 13, 2023) | Yes | Yes |
| 15 | UW Paul G. Allen School of Computer Science & Engineering Webpage: "Academic Programs; Undergraduate Education; Student Life; Undergraduate Demographics" | Yes | Yes |
| 16 | UW Past-Presidential Blog: "Affirmative action ruling won't change our values or our mission" (Aug. 1, 2023) | Yes | Yes |
| 17 | UW Paul G. Allen School of Computer Science & Engineering: "Diversity, Equity, Inclusion & Access 5-Year Strategic Plan" (Sept. 2021) | Yes | Yes |
| 18 | UW: "Diversity Blueprint 2022–2026, Actions Toward Access, Inclusion, and Equity" | Yes | Yes |
| 19 | UW: "Departmental BPC Plan: Paul G. Allen School of Computer Science & Engineering, University of Washington 12/15/2021 – 12/15/2023" | Yes | Yes |

**A.**     **The Court May Consider Information on UW Webpages Because Plaintiffs Incorporated the Information by Reference.**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  While courts must draw all reasonable inferences from the complaint in favor of a plaintiff, "this does not permit a

plaintiff to pick and choose excerpts from a document when the claims turn on its entire contents." *Fife v. Sci. Games Corp.*, No. 2:18-CV-00565-RBL, 2018 WL 6620485, at \*2-3 (W.D. Wash. Dec. 18, 2018) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)); *see Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (observing "the policy concern underlying the rule [of incorporation by reference]:  Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"), *abrogated on other grounds by Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).

The doctrine of incorporation by reference is used by courts to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507, 2019 WL 1427660, at \*6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja*, 899 F.3d at 1002). Accordingly, "a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (internal quotation marks omitted).  "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Hartman v. Wash. Dep't of Children Youth & Fams.*, No. C24-0554JLR, 2024 U.S. Dist. LEXIS 167566, at \*5 (W.D. Wash. Sep. 17, 2024) (Robart, J.) (emphasis added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (approving incorporation by reference when "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document").  A "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hartman*, 2024 U.S. Dist. LEXIS 167566, at \*5 (Robart, J.) (quoting *Ritchie*, 342 F.3d at 908); *see In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019, 2020 WL

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

2042078, at *7 (N.D. Cal. Apr. 28, 2020) (A defendant may "us[e] the doctrine[] of… incorporation by reference to" refute "a plaintiff's conclusory allegations[.]").

Over the past two decades, courts have made explicit that incorporation by reference extends not only to documents, but to cited webpages and even websites. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference webpages related to those referenced in the complaint, holding that "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages"); *Fife*, 2018 WL 6620485, at *2-3 (incorporating by reference screen shots of the defendant's website beyond those attached by the plaintiff to the complaint); *Libman v. Apple, Inc.*, No. 22-CV-07069-EJD, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (holding that Apple's webpage welcome screens were incorporated by reference into the complaint because the plaintiff's "claims each relate[d] to whether Apple disclosed its [data] collection practices" and the welcome screens "reflect[ed] Apple's representations about its privacy practices and privacy settings"); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 884 n.2 (C.D. Cal. 2024) (granting a defendant's request for judicial notice of a page from its website where "the Privacy Policy is incorporated into the [complaint] by virtue of the [complaint's] references to the website's privacy policies… and [because the webpage's] authenticity is not disputed").

Plaintiffs' allegations in their Second Amended Complaint ("SAC") rely almost exclusively on selective statistics and quotations from UW's website.[1]  As detailed below, Plaintiffs cherry-pick statistics and excerpts from UW's website and present them without the context of the complete information contained in the webpages in which they are found.  Instead, Plaintiffs omit the complete statistical reports and complete quotations that weaken and extinguish their claims.  Accordingly, pursuant to the doctrine of incorporation by reference, the Court may, and Defendants request the Court to, consider these documents and webpages in

---

[1] Plaintiffs make various allegations concerning discrimination at other universities, which are irrelevant to their claims against UW and thus irrelevant to this discussion.

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS         - 5 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

their entirety "as though they are part of the [C]omplaint itself," and "assume [the] contents are true for purposes of a motion to dismiss[.]" *Khoja*, 899 F.3d at 1002-03.

The documents and webpages, which the Court may consider pursuant to incorporation by reference, generally fall into four categories:  (1) documents and webpages providing the complete set of statistics that Plaintiffs excerpt; (2) documents and webpages outlining UW's admissions policies, guidance, and holistic review criteria; (3) UW's online marketing materials, as well as its news and blog webpages; and (4) documents and news articles about Plaintiff Stanley Zhong that are excerpted by Plaintiffs.

*Statistics (Def. Exs. 4, 5, 8, 15).*  Plaintiffs selectively cite statistics from UW's websites that they believe demonstrate that UW engages in racial discrimination.  *See* SAC ¶¶103-110; *see also* ECF No. 1 Plaintiff's Original Complaint for Declaratory and Injunctive Relief ("Orig. Compl.") Ex. 55 (enrollment statistics from 2013), *id.* Ex. 56 (partial enrollment statistics from 2024).  Completeness requires that the Court not be relegated to Plaintiffs' hand-selected statistics but be capable of reviewing other statistics that are equally accessible and posted on the same websites.  For example, the Court should be permitted to consider overall UW undergraduate enrollment statistics from the year Stanley Zhong applied to the Allen School, 2023, which bear critically on the claims here and warrant consideration in light of Plaintiffs' use of statistical evidence.  (Def. Ex. 4).  This applies equally to complete statistics from 2024 (Def. Ex. 5).  Plaintiffs also fail to cite enrollment statistics specific to the Allen School, the only school to which Stanley Zhong applied (Def. Exs. 8, 15).  Because Plaintiffs themselves rely extensively on partial UW enrollment statistics published on UW's website in support of their claims, the Court should consider all of the relevant enrollment statistics published on UW webpages.  *See In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6.  Plaintiffs cannot reasonably challenge the truth, accuracy, or authenticity of these more complete enrollment statistics:  If Plaintiffs trust the truthfulness, accuracy, and authenticity of the UW-published statistics they cite enough to rely on them in their SAC (and in their Original Complaint (ECF No. 1 ¶110; Ex. 55-57) and in their First Amended Complaint (ECF No. 23 ¶142)) and certify

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS               - 6 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

compliance with Rule 11, then Plaintiffs can have no principled, facially plausible claim that the UW-published statistics they do not cite are any less truthful, accurate, or authentic. Accordingly, this Court should consider these exhibits as incorporated by reference to Plaintiffs' SAC and assume they are true for the purposes of resolving the Motion to Dismiss.

*UW Policies (Def. Exs. 9, 10, 17-19).* Plaintiffs repeatedly reference and rely on their own characterization of UW's holistic admissions policy and overall diversity goals; however, they never attach any details concerning these policies or goals. *See, e.g.*, SAC ¶¶68, 111-18 (discussing UW's holistic admissions policy); *id.* ¶¶69-74 (discussing the Allen School's DEIA Strategic Plan or "5-Year Plan"); *id.* ¶75 (discussing the Allen School's Departmental Broadening Participation in Computing Plan or "BPC Plan"); *id.* ¶¶81-82 (discussing UW's Diversity Blueprint for 2022–2026 and 2014). Indeed, Plaintiffs' entire SAC is premised on the belief that UW's "holistic review" "is a legal term of art… used by universities [to] openly engage[] in race conscious admissions," *id.* ¶117, and that this process allowed UW "admissions officers to bypass [Stanley Zhong's] objective merit and reject him based on unverifiable 'holistic' factors, consistent with the University's broader goal of racial engineering." *Id.* ¶118. Likewise, Plaintiffs' SAC relies extensively on allegations regarding UW's "policies and actions for racial balancing its student body," *id.* IV.F., including the 5-Year Plan, the BPC Plan, and the Diversity Blueprint. *Id.*

Much as a party's reference to (or reliance on) a contract in a complaint allows for consideration of the actual contract at the motion to dismiss stage, here, Plaintiffs' extensive references to, reliance on, and characterization of UW's holistic admissions policy, 5-Year Plan, BPC Plan, and Diversity Blueprint incorporates those policies and documents by reference. *See Williams v. Fed. Deposit Ins. Corp.*, No. 09-504RAJ, 2011 WL 13193362, at *3 (W.D. Wash. Aug. 30, 2011) (considering contracts not attached to the complaint on a motion to dismiss because, "if a complaint refers to another document or its claims are predicated on another document, the court may consider that document even if it is not attached to the complaint"), *aff'd*, 492 F. App'x 796 (9th Cir. 2012). Accordingly, the Court should consider Defendants'

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS                - 7 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

Exhibits 9 (UW webpage titled "Holistic Review") and 10 (UW webpage for the Civil Rights Compliance Office titled "Admissions and Scholarships Checklist"), which set forth UW's publicly available admissions holistic review criteria. The Court should also consider Defendants' Exhibits 17 (the 5-Year Plan), 18 (the 2022–2026 Diversity Blueprint), and 19 (the BPC Plan), which Plaintiffs selectively cite in paragraphs 69-75 and 81-82 but do not attach, for purposes of resolving the Motion to Dismiss.

*UW Marketing Materials (Def. Exs. 1-5, 7, 12, 16).* Plaintiffs selectively cite portions of UW's marketing materials on UW's website, SAC ¶¶77, 80-90; *see also* Orig. Compl. Ex. 44, ECF No. 1-11, and its news or blog posts, *id.* at ¶¶61-62, 64; *see also* Orig. Compl. Ex. 55, ECF No. 1-12, that support their view of UW admissions policy and practices. These citations are incomplete, and, by cherry-picking these marketing webpages concerning UW generally and UW's news or blog posts, Plaintiffs have incorporated by reference additional UW marketing webpages (Def. Exs. 2, 3, 7, 12) and news or blog posts (Def. Exs. 1, 4, 5, 16). Again, Plaintiffs may not highlight some statements and ignore the context in which they are found, and Plaintiffs have no reasonable argument that these webpages setting forth general information about UW or the news or blog posts on UW webpages are any less truthful, accurate, or authentic, than those they rely on and certified under Rule 11. Thus, the Court should consider these webpages and assume they are true for the purposes of resolving the Motion to Dismiss.

*Public Information About Plaintiff Stanley Zhong (Def. Exs. 13, 14).* Plaintiffs also cite a series of news articles and documents about Stanley Zhong to support their claims regarding the strength of Stanley's application, but they fail to attach the complete materials referenced. *See* SAC ¶¶54-55; *see also* Orig. Compl. ¶37. Accordingly, the Court should consider Defendants' Exhibit 13 (the testimony of Mr. Yukong Zhao, before the Congressional Subcommittee on Higher Education and Workforce Development Hearing Titled "How SCOTUS's Decision on Race Based Admissions is Shaping University Policies"), which is referenced in paragraph 54 of the SAC and partially attached as Exhibit 27 to the Original Complaint. The Court should also consider Defendants' Exhibit 14, a national news article

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

published by *USA Today*, as referenced in paragraph 54 of the SAC, and hyperlinked in Exhibit 26 of the Original Complaint.

Accordingly, Defendants request that the Court consider, as incorporated by reference, Defendants' Exhibits 1-5, 7-10, 12-19.

**B.      The Court May Take Judicial Notice of UW Webpages.**

The Court may separately consider this same list of UW webpages and official documents in Defendants' Exhibits 1-5, 7-10, 12, and 15-19 at the motion-to-dismiss stage by taking judicial notice of these Exhibits pursuant to Federal Rule of Evidence 201.  Pursuant to Rule 201, courts "may judicially notice a fact that is not subject to reasonable dispute" and that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  *See* Fed. R. Evid. 201(b)(2).

Courts routinely take judicial notice of information contained on state and federal government websites.  *See, e.g.*, *United States v. Garcia*, 855 F.3d 615, 621-22 (4th Cir. 2017) (taking judicial notice of the facts contained on the USCIS website); *Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1297 n.4 (10th Cir. 2017) (EPA and Wyoming Department of Environmental Quality websites); *United States v. Iverson*, 818 F.3d 1015, 1021-22 (10th Cir. 2016) (FDIC website); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (Mississippi Secretary of State and Virginia State Corporation Commission websites); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (Virginia Division of Legislative Services website); *Chapman v. S.F. Newspaper Agency*, No. C 01-02305 CRB, 2002 WL 31119944, at *2 (N.D. Cal. Sept. 20, 2002) (United States Postal Service "Track & Confirm" webpage); *EEOC v. E.I. DuPont de Nemours & Co.*, No. CIV.A. 03-1605, 2004 WL 2347559, at *1 (E.D. La. Oct. 18, 2004) (Census Bureau website).  Courts also take judicial notice of state university documents containing facts that are not subject to reasonable dispute.  *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (granting motion for judicial notice of documents from a university system as a state agency).

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

This practice extends to information on the website of a public university or school. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information, undisputed by the parties, made available on public school websites); *Caldwell v. Univ. of N.M. Bd. of Regents*, 679 F. Supp. 3d 1087, 1154 n.28 (D.N.M. 2023) (taking judicial notice of fact from public university website because "it comes from UNM's official website and cannot reasonably be questioned"); *White v. Univ. of Washington*, No. 2:22-CV-01798-TL, 2024 WL 1241063, at *16 (W.D. Wash. Mar. 22, 2024) (taking judicial notice of a UW administrative policy statement that "Plaintiff referenced in her original and amended complaints" but did not include in the complaint because document "is not subject to reasonable dispute and is readily available online on the University of Washington's website"); *see also Jeandron v. Bd. of Regents of Univ. Sys. of Md.*, 510 F. App'x 223, 227 (4th Cir. 2013).

Again, Plaintiffs themselves rely on information from UW webpages and documents as truthful, accurate, and authentic. Thus, Plaintiffs cannot reasonably dispute the facts contained therein nor question the authenticity of this information, and the Court may take judicial notice of the information contained in the UW webpages and documents set forth in Defendants' Exhibits 1-5, 7-10, 12, and 15-19.

**C.** **The Court May Take Judicial Notice of Online Academic Publications and News Sources.**

Finally, the Court may take judicial notice of three additional online publications and a document from a Congressional Subcommittee because these materials are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). The following exhibits are appropriate for judicial notice.

***U.S. News and World Report (Def. Ex. 6).*** UW attaches the U.S. News and World Report's ranking of Best Computer Science Schools. It is widely accepted in the jurisdiction—and by Plaintiffs themselves, *see, e.g.*, SAC ¶35—that the U.S. News and World Report is a reputable publication that is neither subject to reasonable dispute nor whose accuracy can be

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
2:25-cv-00348-JLR

- 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

reasonably questioned.  Thus, the Court should take judicial notice of Defendants' Exhibit 6.

***National Merit Scholarship Fact Sheet (Def. Ex. 11).***  UW attaches a fact sheet published by the National Merit Scholarship Corporation ("NMSC").  Plaintiffs rely on rankings by the NMSC, SAC ¶35, as evidence of Stanley Zhong's academic ability and, thereby, aver that information published by the NMSC is not subject to reasonable dispute nor can be reasonably questioned.  Thus, the Court should take judicial notice of Defendants' Exhibit 11.

***Congressional Testimony (Def. Ex. 13).***  UW attaches the written testimony of Mr. Yukong Zhao before the Congressional Subcommittee on Higher Education and Workforce Development, titled "How SCOTUS's Decision on Race-Based Admissions is Shaping University Policies."  This document is publicly available on the official website for the United States' House of Representatives' Committee on Education and the Workforce.  Plaintiffs reference Mr. Zhao's testimony in the SAC ¶54 and attach excerpts of the testimony as Exhibit 27 to their Original Complaint.  Plaintiffs therefore concede that the contents of this testimony are not subject to reasonable dispute nor can its accuracy reasonably be questioned.  Thus, the Court should take judicial notice of Defendants' Exhibit 13.

***USA Today Article (Def. Ex. 14).***  UW attaches a news article from USA Today, available online at USAToday.com.  Because Plaintiffs include a link to this article in Exhibit 26 to their Original Complaint, they cannot reasonably contest the accuracy or content of this information.  Thus, the Court should take judicial notice of Defendants' Exhibit 14.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Defendants' proffered Exhibits 1-19 pursuant to the doctrines of incorporation by reference and judicial notice and consider the exhibits in connection with the Court's adjudication of Defendants' contemporaneously-filed Motion to Dismiss.

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS          - 11 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

Respectfully submitted this 30th day of March, 2026.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Robert M. McKenna*
    Robert M. McKenna (WSBA No. 18327)
    rmckenna@orrick.com
    401 Union Street, Suite 3300
    Seattle, WA 98101-2668
    Telephone:  +1 206 839 4300
    Facsimile:  +1 206 839 4301

By: *s/Marc Shapiro*
    Marc Shapiro (*pro hac vice*)
    mrshapiro@orrick.com
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone:  +1 212 506 5000

By: *s/Matthew D. LaBrie*
    Matthew D. LaBrie (*pro hac vice*)
    mlabrie@orrick.com
    222 Berkeley Street, Suite 2000
    Boston, MA 02116
    Telephone:  +1 617 880 1802

*Special Assistant Attorneys General*
*Attorneys and Counsel for Defendants*

I certify that this memorandum contains 3,430 words, in compliance with the Local Civil Rules.

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS    - 12 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

**DECLARATION OF SERVICE**

I hereby certify that I caused the foregoing request to be served on all parties registered for e-service in this matter via the Court's e-filing platform, and that, per the parties' agreement, I caused the foregoing motion to be sent via email to Stanley Zhong,

Dated: March 30, 2026

_s/Robert M. McKenna_
Robert M. McKenna

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS        - 13 -
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300