The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

STANLEY ZHONG and NAN ZHONG,

Plaintiffs,

v.

THE REGENTS OF THE UNIVERSITY OF WASHINGTON in their official capacities; THE UNIVERSITY OF WASHINGTON; ANA MARI CAUCE, in their personal capacity and their official capacity as the President of the University of Washington; ROBERT J. JONES, in his official capacity as the President of the University of Washington; PAUL SEEGERT, in their personal capacity and their official capacity as the Director of Admissions at the University of Washington; MAGDALENA BALAZINSKA, in their personal capacity and their official capacity as Chair of the Paul G. Allen School of Computer Science & Engineering at the University of Washington, TADAYOSHI KOHNO, in their personal capacity and their official capacity as Associate Director of the Allen School for DEIA (Diversity, Equity, Inclusion & Access); CHLOE DOLESE MANDEVILLE, in their personal capacity and their official capacity as Assistant Director for Diversity & Access; OTHER DOES 10-20 acting in concert with those named above,

Defendants.

Case No. 2:25-cv-00348-JLR

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Noted for May 6, 2026

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.    Plaintiffs Lack Standing ............................................................................... 2

        1.    Nan Zhong lacks standing ................................................................ 2

        2.    Minor Son must be dismissed .......................................................... 2

        3.    Plaintiffs lack standing to pursue their proposed injunctive relief ......... 3

    B.    Plaintiffs Fail to State a Claim of Discrimination ....................................... 3

        1.    Plaintiffs fail to adequately allege that UW makes admissions decisions that turn on an applicant's race. ............................................... 4

        2.    Plaintiffs fail to adequately allege UW's race-neutral policies were animated by racially discriminatory intent and had a disparate impact. ............................................................................ 6

        3.    The plausibility standard is not a license for Plaintiffs to embark on a fishing expedition. ...................................................................... 8

    C.    Defendants Are Immune from Suit ............................................................... 9

        1.    Damages claims against UW and UW officials in their official capacity are barred by Eleventh Amendment immunity ....................... 9

        2.    Damages claims against UW officials in their personal capacity are barred by qualified immunity .................................................... 10

    D.    The Court May Consider Defendants' Exhibits ......................................... 11

III.  CONCLUSION ..................................................................................................... 12

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

i

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdullah-El v. Bon Appetit Mgmt. Co.*,
  2016 WL 1756630 (W.D. Wash. May 3, 2016) ....................................................3

*Arizonans for Off. English v. Arizona*,
  520 U.S. 43 (1997) ..............................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................3, 5, 8

*Austin v. Univ. of Or.*,
  925 F.3d 1133 (9th Cir. 2019) ............................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................3, 4, 8, 9

*Bos. Parent Coal. for Acad. Excellence Corp. v.
  Sch. Comm. for the City of Bos.*,
  89 F.4th 46 (1st Cir. 2023) ..................................................................................8

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ..............................................................................2

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ......................................................................... 4-5

*Chinese American Citizens Alliance of Greater New York v. Adams*,
  116 F.4th 161 (2d Cir. 2024) ........................................................................... 6-7

*Coalition for TJ v. Fairfax County School Board*,
  68 F.4th 864 (4th Cir. 2023) ...............................................................................6

*Ferguson v. City of Phoenix*,
  157 F.3d 668 (9th Cir. 1998) ..............................................................................9

*Grizzell v. San Elijo Elementary Sch.*,
  110 F.4th 1177 (9th Cir. 2024) ........................................................................ 2-3

*In re Intel Corp. Sec. Litig.*,
  2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ..................................................11

*Johns v. County of San Diego*,
  114 F.3d 874 (9th Cir. 1997) ..............................................................................2

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

ii

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

*Keates v. Koile*,
  883 F.3d 1228 (9th Cir. 2018)..........................................................................................10

*King v. County of Los Angeles*,
  2015 WL 13917236 (C.D. Cal. Dec. 3, 2015) .....................................................................3

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001).............................................................................................6

*Lopez v. Regents of Univ. of Cal.*,
  5 F. Supp. 3d 1106 (N.D. Cal. 2013) .................................................................................2

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006)...........................................................................................11

*Potter v. JPMorgan Chase Bank, N.A.*,
  2012 WL 12941685 (W.D. Wash. June 29, 2012) ........................................................ 5-6, 8

*Rynasko v. New York University*,
  63 F.4th 186 (2d Cir. 2023).............................................................................................2

*Sampson v. County of Los Angeles*,
  974 F.3d 1012 (9th Cir. 2020)........................................................................................10

*Schneider v. Cal. Dep't of Corr.*,
  151 F.3d 1194 (9th Cir. 1998).........................................................................................5

*SFFA, Inc. v. Presidents & Fellows of Harvard Coll.*,
  600 U.S. 181 (2023) ............................................................................................... *passim*

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002).......................................................................................................8

*Teague v. Lane*,
  489 U.S. 288 (1989) ..................................................................................................... 6-7

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ................................................................................................. 10-11

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) .......................................................................................................3

*Valadez-Lopez v. Chertoff*,
  656 F.3d 851 (9th Cir. 2011)...........................................................................................9

*Village of Arlington Heights v. Metropolitan Housing Development Corp.*,
  429 U.S. 252 (1977) ....................................................................................................1, 6

REPLY IN SUPPORT OF
MOTION TO DISMISS                        iii
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

*Weiss v. University of New York*,
   2025 WL 1735429 (S.D.N.Y. June 23, 2025) .........................................................................9

*Zorn v. Linton*,
   146 S. Ct. 926 (2026) ........................................................................................................10

**Statutes**

42 U.S.C. § 1981 .........................................................................................................................9

42 U.S.C. § 1983 .........................................................................................................................9

Civil Rights Act of 1964, Title VI .............................................................................................9

**Other Authorities**

Fed. R. Civ. P. 8 .........................................................................................................................5

Fed. R. Civ. P. 12(b)(6) ......................................................................................................6, 8, 10

REPLY IN SUPPORT OF
MOTION TO DISMISS                    iv
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

## I.     INTRODUCTION

As a threshold matter, Plaintiffs attempt to skirt binding precedent on standing. Under that precedent, Nan lacks standing because he was not personally discriminated against. Nan also cannot represent Minor Son pro se, despite his policy arguments to the contrary. Nor can pro se plaintiffs seek injunctive relief on behalf of others. What is left, then, are Stanley's claims for damages against UW, but Defendants are immune from suit for damages.

On the merits of their discrimination claims, Plaintiffs fail to meet the plausibility standard. They do not allege how or where in UW's admissions process race is considered. Instead, Plaintiffs speculate about a long-standing conspiracy to intentionally violate I-200, pointing to stray statements from UW officials—including those not involved in the Allen School's admissions process—that at most reflect a desire to use race-neutral, legal means to achieve diversity.

Perhaps knowing that rank speculation about a yearslong conspiracy to violate state law at one of the nation's preeminent public universities cannot meet the plausibility standard, Plaintiffs focus much of their Opposition on a disparate-impact theory under *Arlington Heights*. But the SAC plausibly alleges neither discriminatory intent nor disparate impact. There is no allegation that Asian-Americans are underrepresented at the Allen School—in fact, deploying Plaintiffs' logic, they are overrepresented. Stanley's rejection, on its own, does not demonstrate a disparate impact on Asian-American applicants. And Plaintiffs' allegations of intent do not demonstrate an intent to discriminate against Asian-Americans in admissions decisions, but an intent to create a diverse applicant pool, something that is not, and has never been, illegal. Armed with no plausible allegations, Plaintiffs' SAC boils down to disbelief that someone with Stanley's background could have been denied admission to UW's Allen School. Their claims thus amount to asking this Court to operate as a super admissions department, affording them an appeal of UW's admissions determination. The Court should reject that invitation and dismiss the SAC with prejudice.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

1

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

## II.    ARGUMENT

### A.    Plaintiffs Lack Standing.

#### 1.    Nan Zhong lacks standing.

Plaintiffs do not dispute that "only those personally denied equal treatment have standing to seek relief." *Carroll v. Nakatani*, 342 F.3d 934, 946 (9th Cir. 2003); Motion to Dismiss Second Amended Complaint, ECF 43 ("MTD") 11. Under that rule, Nan lacks standing, and the allegations of "emotional distress" and "reputational damage" resulting from the alleged discrimination are not cognizable injuries. MTD 11.

Instead, Nan relies entirely on his payment of application fees as evidence of a "direct injury" and now describes it as a "separately pleaded financial injury." Opposition to MTD, ECF 46 ("Opp.") 19. But that alleged injury flows from the constitutional injury allegedly suffered by **Stanley**, not Nan. As *Rynasko v. New York University* makes clear, Nan must have suffered "an invasion of a legally protected interest," **and** that injury must have "affect[ed] [him] in a personal and individual way." 63 F.4th 186, 193 (2d Cir. 2023). Nan has alleged no "legally protected interest" in having his children's college applications evaluated in the manner he prefers, *Lopez v. Regents of Univ. of Cal.*, 5 F. Supp. 3d 1106, 1114-15 (N.D. Cal. 2013) (parent has no individual right to be free from discrimination against child; parent's claim is limited to representative action), and he has not claimed a personal injury arising from any alleged violation of **his** rights. That *Rynasko* involved an adult child is irrelevant: While a parent might be able to bring a **minor child's** claim **on the child's behalf**, Nan cannot do so **pro se** because *Johns* prohibits such an action, as described below.

#### 2.    Minor Son must be dismissed.

A pro se plaintiff cannot "appear as an attorney for others," including his own children. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Plaintiffs argue that the purpose of the *Johns* rule is to "protect the minor" and that they should be granted an equitable exception. Opp. 20. But this Court is "bound by the rule set forth in *Johns*," regardless of "policy arguments" that might counsel in favor of relaxing the rule. *Grizzell v. San Elijo*

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

*Elementary Sch.*, 110 F.4th 1177, 1180-81 (9th Cir. 2024).  Plaintiffs cite no authority holding otherwise.  This Court should dismiss Minor Son's claims without prejudice.  *See id.* at 1181.

**3.     Plaintiffs lack standing to pursue their proposed injunctive relief**.

Plaintiffs assert that "dispute over the eventual scope of injunctive relief" does not "require[] dismissal now."  Opp. 21.  But "standing is not dispensed in gross," and "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).  If Plaintiffs cannot establish standing for their injunctive-relief request, that request must be dismissed now.  *King v. County of Los Angeles* confirms that, when requesting injunctive relief that would affect others, a pro se "plaintiff does not have standing to vicariously assert the constitutional claims of any other person."  2015 WL 13917236, at *10 (C.D. Cal. Dec. 3, 2015) (dismissing with prejudice). Accordingly, Plaintiffs do not have standing to seek a permanent injunction broadly prohibiting UW from, *inter alia*, using a holistic review process.  Nor do Plaintiffs dispute that an order directing UW to reevaluate Stanley's application in a manner Plaintiffs prefer would necessarily impact the University's admissions procedures writ large, i.e., affect others.  MTD 12.

**B.     Plaintiffs Fail to State a Claim of Discrimination**.

On the merits, Plaintiffs press two theories.  First, they allege a long-standing conspiracy by UW admissions officials to violate I-200 and directly consider applicants' race in admissions. Second, they allege UW's adoption of race-neutral admissions policies is driven by discriminatory intent and has an illegal disparate impact on Asian-American students.  Both theories fail.[1]

---

[1] After Plaintiffs relied on the *McDonnell Douglas* framework to plead a "*prima facie* case of racial discrimination," SAC ¶¶119-23, they now disavow it, Opp. 14.  While the *McDonnell Douglas* framework does not apply at the motion-to-dismiss stage, *Austin v. Univ. of Or.*, 925 F.3d 1133, 1135 (9th Cir. 2019), the *Twombly/Iqbal* pleading standard "at least require[s]" the plaintiff "to plead facts from which the court can reasonably infer a causal connection between the plaintiff's" race and the adverse admissions decision.  *Cf. Abdullah-El v. Bon Appetit Mgmt. Co.*, 2016 WL 1756630, at *3 n.3 (W.D. Wash. May 3, 2016) (Robart, J.).  Plaintiffs fail to make that showing.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

3

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

**1.    Plaintiffs fail to adequately allege that UW makes admissions decisions that turn on an applicant's race**.

Unlike the plaintiffs in *SFFA*, Plaintiffs here cannot point to any step in the UW admissions process where race is considered as a factor. *Cf. SFFA, Inc. v. Presidents & Fellows of Harvard Coll.*, 600 U.S. 181, 194-95, 221-22 (2023) (citing evidence that often "race is a determinative tip" in "the Harvard admissions process").  Instead, Plaintiffs argue that they have alleged facts sufficient to prove circumstantially that UW admissions officials have engaged in a conspiracy to secretly consider race as a factor in admissions.  Opp. 14; Opp. 10 (speculating about UW's plan to "publicly deny the practice" and "keep the operative mechanisms nonpublic").  But they do not allege the specifics of such a conspiracy, instead referring generally to unnamed "admission practices."  Opp. 15.  This fanciful theory cannot "raise… above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, Plaintiffs admitted in media interviews that they filed suit based on a gut sense that "something doesn't add up."  McKenna Supp. Decl. Ex. ("Supp. Ex.") 20.[2]  Plaintiffs mention no investigation into UW. *Id.*  Instead, it was simply "[a]fter speaking with other Asian American families with similar experiences" that they "concluded discrimination was at work." *Id.* Intuition is not a substitute for plausibility.

As Plaintiffs do not dispute, there is no indication that UW in fact considers an applicant's race in making admissions decisions.  Plaintiffs concede, as they must, that the mere fact that one applicant was rejected from a program with an acceptance rate of 2.1% does not show that race is considered.[3]  Opp. 7 ("Stanley's unusually strong objective credentials do not resolve the case by themselves….").  Indeed, the Allen School's extremely low admittance rate for nonresidents is the (much) likelier explanation for Stanley's rejection. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("[P]laintiffs cannot offer

---

[2] As set forth in Defendants' Request for Judicial Notice, ECF 44, the Court may take judicial notice of Supp. Ex. 20.

[3] Plaintiffs erroneously state that there are "83 non-Asian out-of-state admit[ted students]" to compare to Stanley.  This is incorrect.  There were 83 nonresident applicants admitted *in total*, many of whom were Asian-American.  Ex. 8.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

allegations that are 'merely consistent with' their favored explanation but are also consistent with [an] alternative explanation." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).  And Plaintiffs concede they make no allegations showing that Asian-Americans are underrepresented at UW or the Allen School, especially given that more than 50% of applicants admitted to the Allen School for fall 2023 are Asian-American.  Opp. 8 (disclaiming statistical allegations as "contextual evidence, not… a self-sufficient statistical model").

Instead, Plaintiffs point to two UW documents that reflect a desire to increase certain minority representation to 15%, asserting that the 15% goal is evidence of a "numeric racial target" driving admissions decisions.  Opp. 10-11.  Plaintiffs' speculation is belied by the documents themselves, which note that the 15% goal should be achieved through "[o]utreach" to "build effective pipelines," Ex. 17[4] at 6-7, 27 (5-Year Plan), and a series of "recruitment and outreach initiatives," SAC ¶75; Ex. 19 (BPC Plan).  The documents say nothing about using race in admissions decisions.  MTD 17-19.  Rather, UW policy is explicit that reviewers cannot use race as a factor in admissions decisions.  Ex. 10.  Plaintiffs concede that race-based outreach and recruitment are permissible, even under *SFFA*.  Opp. 15.  All that is left of Plaintiffs' racial-quota theory, then, is Plaintiffs' unfounded speculation that a university would not be able to "outreach its way to a 15% undergraduate demographic floor."  Opp. 10.  True or not, it's irrelevant:  Aspirations are not a mandate.

Undeterred, Plaintiffs claim UW has "concealed internal detail" that would reveal this conspiracy.  Opp. 4, 11.  And, for the first time, they allege that UW admissions officials make race-based admissions decisions by inferring an applicant's race through "proxies and discretionary criteria."  Opp. 6.  Plaintiffs cannot offer new allegations they failed to plead in their (original, First, or Second Amended) Complaint.  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Nor can they sidestep Rule 8 by offering conclusory assertions that information is UW's exclusive knowledge.  *Potter v. JPMorgan Chase Bank, N.A.*, 2012 WL 12941685, at *6 (W.D. Wash. June 29, 2012) ("[A plaintiff] must plausibly

---

[4] Unless otherwise stated, "Ex." refers to exhibits attached to ECF 45 (McKenna Declaration).

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

5

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

allege his claim *before* he is entitled to discovery." (emphasis added)).  And, *even if* UW admissions officials used proxies like socioeconomic status to create a diverse class, doing so is lawful.  MTD 18 (citing *SFFA* concurrences endorsing use of race-neutral means to enroll racially diverse class).

> ### 2.  Plaintiffs fail to adequately allege UW's race-neutral policies were animated by racially discriminatory intent and had a disparate impact.

Unable to allege *facts* showing UW uses race in admissions, Plaintiffs fall back on *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), asserting a grab-bag of irrelevant allegations and speculation to circumvent Rule 12(b)(6)'s plausibility standard.  *Arlington Heights* cannot save Plaintiffs' claims because Plaintiffs have alleged neither an admissions policy at UW that has a "disproportionate impact on an identifiable group" nor a "discriminatory purpose" underlying such a policy.  MTD 21 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001)).

Plaintiffs make no allegation that any admissions policy at UW has a disparate impact on Asian-Americans.  The only *fact* they allege to show a disparate impact is the rejection of Stanley himself, Opp. 13, which even Plaintiffs concede does not, alone, prove anything, Opp. 7.  Plaintiffs allege no statistical evidence showing that Asian-Americans are underrepresented at the Allen School and concede that they do not put forth "a self-sufficient statistical model." Opp. 8.  They offer no data that compares admissions rates among different racial groups to show disparate impact—an omission that caused the Fourth Circuit to reject a similar claim in *Coalition for TJ v. Fairfax County School Board*, 68 F.4th 864, 881 (4th Cir. 2023).[5]  And they fail to allege that Asian-American enrollment declined as a result of the test-optional policy, or what percentage of applicants submit test scores.  MTD 21.

Plaintiffs try to use *Chinese American Citizens Alliance of Greater New York v. Adams*, 116 F.4th 161 (2d Cir. 2024), to argue that disparate impact need not be shown at an aggregate

---

[5] Dissents from the denial of certiorari in *Coalition* have no binding effect. *See Teague v. Lane*, 489 U.S. 288, 296 (1989).

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

level but can be shown on an individual basis. Opp. 8. That case involved an identifiable, *categorical* exclusion that rendered some Asian-American students *automatically* ineligible for admission. 116 F.4th at 167, 177-78. That is far from the allegations (or facts) here. Even at an individual level, the SAC does not plausibly "allege[] that race… [was] used against Stanley," as Plaintiffs admit is required. Opp. 8. All Plaintiffs offer is their disbelief that Stanley was unqualified (notwithstanding his rejection from over a dozen other schools) coupled with aspirational language from UW about expanding the applicant pool.

As for intent, Plaintiffs cite UW's goals of increasing the percentage of students from diverse backgrounds through outreach and recruitment, stray statements by UW officials, UW's 2021 test-optional policy, UW's holistic-review policy, and Stanley's rejection. Opp. 4, 13. Each is insufficient.

*First*, as to the aspirational 15% goal in various UW documents, Plaintiffs equate UW's goals of increasing diversity through outreach and recruitment with a racial quota in admissions. Opp. 5. That is wrong for the reasons explained above, *supra* II.B.1; MTD 17-19.

*Second*, Plaintiffs do not explain how UW officials' statements disagreeing with I-200— including statements from UW officials who have no involvement in the Allen School admissions process—are driven by racial animus against Asian-American applicants, as opposed to the more plausible desire to use lawful, race-neutral means to achieve a diverse student body. MTD 2, 19, 22.

*Third*, Plaintiffs offer nothing more than speculation in alleging that UW's test-optional policy was adopted in order to adversely affect Asian-American applicants, rather than the more plausible (and clearly stated, SAC ¶¶106, 115) reason: the COVID-19 pandemic. And even if the test-optional policy intended to increase racial diversity (of which there is no plausible allegation), such race-neutral policies are lawful under *SFFA*. MTD 21.

*Fourth*, contrary to Plaintiffs' characterizations, Opp. 6, *SFFA* confirms the lawfulness of UW's race-neutral holistic-review policy. Contrary to Plaintiffs' arguments, and as the Supreme Court explained, "nothing in [*SFFA*] should be construed as prohibiting universities

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

7

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
+1 206 839 4300

from considering an applicant's discussion of how race affected his or her life."  600 U.S. at 230.  For example, a university may consider an essay that discusses how race affected an applicant's life, contrary to Plaintiffs' accusation that "identity-based prompts" are improper.  Opp. 4.  Even so, those identity-based prompts are, Plaintiffs admit, a feature of the *transfer*-admissions process, which did not apply to Stanley.  SAC ¶78.  If anything, the holistic-review policy *heeds* the Supreme Court's instruction that an applicant be "treated based on his or her experiences as an individual—not on the basis of race."  600 U.S. at 231.  UW's holistic-review policy does not "consider race… as a plus or influencing factor of any kind."  Ex. 10.  And Plaintiffs' attempts to draw parallels to *SFFA* otherwise fall flat because, unlike here, there was no dispute in *SFFA* that the admissions decisions expressly "turn[ed] on an applicant's race."  600 U.S. at 208, 192-97 (describing Harvard's and UNC's admissions processes); *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. for the City of Bos.*, 89 F.4th 46, 58-60 (1st Cir. 2023) (distinguishing *SFFA* from cases involving race-neutral admissions policies).

Plaintiffs fail to plausibly plead either disparate impact or discriminatory intent; their claims fail.

**3. <u>The plausibility standard is not a license for Plaintiffs to embark on a fishing expedition</u>.**

Plaintiffs' chief argument is that they should not be held to the Rule 12(b)(6) plausibility standard from *Twombly* and *Iqbal*[6] because they claim to need discovery to uncover facts missing from their SAC to prove their conspiratorial theories.  *E.g.*, Opp. 5 (asking Court to "unlock discovery").  This gets the plausibility standard backwards:  Plaintiffs "must plausibly allege [their] claim[s] *before* [they are] entitled to discovery."  *Potter*, 2012 WL 12941685, at *6 (emphasis added).

Plaintiffs complain that Defendants propound a "'divide and conquer' approach" instead of one looking to the "totality of the relevant facts."  Opp. 12.  Not so.  Defendants do not argue

---

[6] Plaintiffs cite *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), in an attempt to lower the pleading standard.  Opp. 3.  However, *Swierkiewicz* predates *Twombly*, and Plaintiffs must satisfy the current 12(b)(6) standard.  *Twombly*, 550 U.S. at 563.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

8

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

that Plaintiffs must point to a "single allegation" that "standing alone… proves the entire case," Opp. 4. Rather, Plaintiffs must satisfy the plausibility standard, which requires allegations that do "more… than… merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. The Court is not required to "piece together a theory of liability from a string of unrelated... assertions." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011). If each separate allegation of discrimination is inadequate, they will generally not combine to become adequate. And even if instances exist in which the plausibility whole is greater than the sum of its parts, that is not the case here where each separate allegation is wholly conjectural.

Plaintiffs also complain that Defendants rely on summary-judgment caselaw. Opp. 15. Of course, Plaintiffs need not put forth evidence to prove their allegations now. But these cases do show what Plaintiffs must *allege* now. For instance, in *Weiss v. University of New York*, the court granted summary judgment because there was no evidence that "readers can and do take an applicant's race into account." 2025 WL 1735429, at \*7 (S.D.N.Y. June 23, 2025). That case applies here because Plaintiffs have not even *plausibly alleged* that "readers can and do take an applicant's race into account." *Id.*

### C.   Defendants Are Immune from Suit.

#### 1.   Damages claims against UW and UW officials in their official capacity are barred by Eleventh Amendment immunity.

On Count II, Plaintiffs contend UW has waived its immunity by receiving federal funds under Title VI. Opp. 21. Compensatory damages for a Title VI claim are available only in cases of *intentional* discrimination, however. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). As explained above, *supra* II.B.2, Plaintiffs fail to adequately allege any discrimination against Stanley was intentional.

As for Count III, Plaintiffs admit that a section 1981 claim against a state actor must be enforced through section 1983. Opp. 21-22. Plaintiffs have not pleaded a section 1983 claim. Even if they had, "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." MTD 23 (quoting *Arizonans for Off. English v.*

REPLY IN SUPPORT OF
MOTION TO DISMISS                    9
2:25-cv-00348-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

*Arizona*, 520 U.S. 43, 69 n.24 (1997)).  Thus, amendment is futile, and the Court should dismiss Count III.

As for Count IV, Plaintiffs resort to arguing that Eleventh Amendment immunity as to this state-law claim "is a forum-and-remedy issue, not a defect in the substance of Plaintiffs' pleading."  Opp. 24.  Forum issues are not at play here, however, where ***Plaintiffs*** have chosen to sue in federal, not state, court.

### 2.    Damages claims against UW officials in their personal capacity are barred by qualified immunity.

Despite filing their many lawsuits in the wake of *SFFA*, Plaintiffs now claim their theory does not depend on a change in law heralded by *SFFA*, but that *Bakke*, *Grutter*, and *Gratz* made clear that the "numerical race-based admissions targets that the SAC alleges" have always been impermissible.  Opp. 22-23.  This is wrong.  *Bakke*, *Grutter*, and *Gratz* in no way clearly established that diversity goals are unlawful when a school attempts to meet those goals with outreach and recruitment initiatives or other race-neutral policies—like a test-optional policy or holistic review.  MTD 24; *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1024 (9th Cir. 2020) (affirming dismissal of equal-protection claim on qualified-immunity grounds because prior precedent was "factually distinguishable"); *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (reversing denial of qualified immunity due to factually distinguishable precedent).

Plaintiffs also contend that I-200 provided the requisite notice to UW officials that their conduct was unlawful.  Opp. 23.  But, again, I-200 prohibits making admissions decisions based on race; it says nothing about the kinds of outreach goals or race-neutral policies at issue here.

Finally, Plaintiffs cite *Keates* to suggest that deciding the qualified-immunity issue at the motion-to-dismiss stage would be "premature."  Opp. 23 (citing *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018)).  But *Keates* affirmed the district court's grant of qualified immunity, notwithstanding any "special problems" it encountered in analyzing qualified-immunity issues on a motion to dismiss.  883 F.3d at 1241.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

10

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

**D.    The Court May Consider Defendants' Exhibits**.

Courts "must consider… on a Rule 12(b)(6) motion[]… documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The doctrines permit the Court to consider documents in different ways. In its Request for Judicial Notice (ECF 44, "RJN"), Defendants requested the Court consider relevant facts contained in certain documents to the extent permitted by each doctrine. Plaintiffs ignore these doctrinal distinctions and insist none of the facts in Defendants' Exhibits should be considered. Opp. 18. This is wrong.

***Incorporation by Reference***. The Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs' allegations rely almost exclusively on, and refer extensively to, select statistics and quotations from portions of the UW webpage, policies, and documents. RJN 6-8. Thus, Defendants ask the Court to consider the entire webpages, policies, and documents Plaintiffs selectively cite. Plaintiffs do not dispute authenticity. Opp. 18. Instead, Plaintiffs argue the Court must deny Defendants' request because the Court cannot "assume the truth of an incorporated document… to dispute [pleaded] facts." Opp. 17. Defendants do not offer the Exhibits to dispute pleaded facts but, rather, to provide full context and "prevent[] [P]laintiffs from selecting only portions of documents that support their claims, while omitting portions… that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019).

For example, Defendants do not request the Court consider webpages with UW and Allen School enrollment statistics in order to dispute statistics pleaded by Plaintiffs (Exs. 4-5, 8, 15) but because Plaintiffs have pleaded only those enrollment statistics they believe support their claims, and Defendants seek to provide the full context available on UW's webpage. RJN 6. Indeed, Plaintiffs—improperly, *supra* II.B.1—now plead and rely on ***additional*** statistics from UW's webpage. Opp. 8. Plaintiffs trust UW's statistics; there is no reason the Court cannot consider the complete set published by UW. And, with respect to the UW policy documents

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

Plaintiffs selectively cite—like UW's 5-Year Plan—the Court cannot rely solely on Plaintiffs' interpretations and incomplete quotations like "at least 15%," Opp. 16, without considering the entire document.

*** Request for Judicial Notice.*** Plaintiffs argue the Court should reject Defendants' separate request for judicial notice because, they claim, Defendants ask the Court to treat disputed facts in the Exhibits as true. Opp. 16. But Plaintiffs have identified no facts from the Exhibits that are in dispute. Defendants do not, for example, ask that the Court consider UW's Office of Admissions webpage describing its holistic-review policy (Ex. 9) as proof UW admissions officers follow that policy (or, per Plaintiffs, "as conclusive proof of what UW actually did behind closed doors," Opp. 16). Rather, Defendants ask the Court to take notice of the fact that the holistic-review policy published on UW's webpage is, in fact, UW's holistic-review policy. That is not a disputed fact.[7]

### III.  CONCLUSION

The Court should dismiss the SAC with prejudice.[8]

---

[7] Plaintiffs argue Exhibit 12 is offered to resolve "disputed… facts… about how Stanley's application was processed in 2023," *i.e.*, whether Stanley was considered by the College of Engineering because he listed an engineering major as his second choice. Opp. 17. But Plaintiffs pleaded no facts about whether the College of Engineering considered Stanley's application. Plaintiffs further complain that Defendants misread Exhibit 12. Accordingly, Defendants request the Court consider—via incorporation by reference and judicial notice as set forth in the RJN—UW's December 2022 application instructions (referenced by Plaintiffs at Opp. 17), which state "[t]o be considered for… admission, [applicants must] select engineering… as [their] first-choice major." Supp. Ex. 21.

[8] Defendants' MTD requested oral argument; Defendants withdraw that request and are happy for the Court to decide this Motion on the papers.

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

12

Dated: May 6, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Robert M. McKenna*
    Robert M. McKenna (WSBA No. 18327)
    rmckenna@orrick.com
    401 Union Street, Suite 3300
    Seattle, WA 98101-2668
    Telephone:  +1 206 839 4300
    Facsimile:  +1 206 839 4301

By: *s/Marc Shapiro*
    Marc Shapiro (*pro hac vice*)
    mrshapiro@orrick.com
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone:  +1 212 506 5000

By: *s/Matthew D. LaBrie*
    Matthew D. LaBrie (*pro hac vice*)
    mlabrie@orrick.com
    222 Berkeley Street, Suite 2000
    Boston, MA 02116
    Telephone:  +1 617 880 1802

*Special Assistant Attorneys General*
*Attorneys and Counsel for Defendants*

I certify that this memorandum contains 4,200 words, in compliance with the Local Civil Rules.

Dated:  May 6, 2026

*s/Robert M. McKenna*
Robert M. McKenna

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

13

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300

**DECLARATION OF SERVICE**

I hereby certify that I caused the foregoing document to be served on all parties registered for e-service in this matter via the Court's e-filing platform, and that, per the parties' agreement, I caused the foregoing document to be sent via email to Stanley Zhong.

Dated:  May 6, 2026

*s/Robert M. McKenna*_____
Robert M. McKenna

REPLY IN SUPPORT OF
MOTION TO DISMISS
2:25-cv-00348-JLR

14

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101-2668
+1 206 839 4300