Hon. James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **STANLEY ZHONG,**<br><br>Plaintiff,<br><br>v.<br><br>**THE REGENTS OF THE UNIVERSITY OF WASHINGTON, et al.,**<br><br>Defendants. | No. 2:25-cv-00348-JLR<br><br>**INTERIM JOINT STATUS REPORT, STIPULATED MOTION TO AMEND SCHEDULING ORDER, AND [PROPOSED] ORDER**<br><br>NOTED FOR NOVEMBER 20, 2026 |



Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

Plaintiff Stanley Zhong ("Plaintiff") and Defendants the Regents of the University of Washington ("Regents"), the University of Washington ("UW"), Ana Mari Cauce, Robert J. Jones, Paul Seegert, Magdalena Balazinska, Tadayoshi Kohno, and Chloe Dolese Mandeville (the "Individual Defendants" and, together with the Regents, UW, and the Plaintiff, the "Parties"), having conferred from September 23, 2026, to October 26, 2026, jointly submit this Interim Joint Status Report and, pursuant to Federal Rule of Civil Procedure 16(b)(4), jointly move the Court to amend its October 26, 2026, Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. (Dkt. No. 58).

The Parties submit this interim report to advise the Court of Plaintiff's anticipated motion for leave to file a Third Amended Complaint and the Parties' agreement concerning the sequencing of further proceedings.

## I. INTERIM JOINT STATUS REPORT

1. On February 21, 2025, Plaintiff, then proceeding *pro se*, filed his initial Complaint. Students Who Oppose Racial Discrimination or "SWORD" was also a plaintiff. (Dkt. No. 1).

2. On May 15, 2025, Plaintiff moved to drop SWORD as a plaintiff given SWORD's lack of counsel, and the Court granted Plaintiff's request on June 2, 2025. (Dkt. Nos. 12 and 16).

3. On February 17, 2026, Plaintiff filed his Second Amended Complaint following the Court granting Plaintiff leave to file the same. (Dkt. Nos. 38–39).

4. On August 7, 2026, the Court granted in part and denied in part Defendants' Motion to Dismiss the Second Amended Complaint. (Dkt. No. 50).

5. On August 21, 2026, Defendants filed their Answer to the Second Amended Complaint. (Dkt. No. 51).

6. On September 15, 2026, counsel entered appearances on behalf of Plaintiff. (Dkt. Nos. 52–55).

7. Between September 23, 2026, and October 26, 2026, the Parties met and conferred regarding Plaintiff's intention to seek leave to file a Third Amended Complaint primarily to restore SWORD as a plaintiff, align the complaint's claims with the Court's order on Defendants' Motion


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

to Dismiss, and substitute Individual Defendant, Magdalena Balazinska, in her official capacity as chair of the Paul G. Allen School, pursuant to Fed. R. Civ. P. 25(d).

8. Defendants do not stipulate to Plaintiff's motion for leave to amend but advised Plaintiff that they do not intend to oppose the anticipated motion. Defendants have explicitly reserved their rights to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) should the Court grant leave to file a Third Amended Complaint.

9. On October 26, 2026, the Court entered its Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. (Dkt. No. 58). The Order established the following deadlines:

a. Deadline for FRCP 26(f) Conference: 11/9/26

b. Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1): 11/23/26

c. Combined Joint Status Report and Discovery Plan: 11/30/26

10. Plaintiff intends to file an unopposed motion for leave to file a Third Amended Complaint. Because the proposed amendment may affect the operative claims, parties, defenses, and scope of discovery, the Parties agree that conducting the Rule 26(f) conference and preparing initial disclosures and a discovery plan before the operative pleadings are settled could be duplicative and unnecessarily expend resources.

11. The Parties have also conferred on the efficiencies of a stay pending resolution of the Supreme Court's decision in *Ass'n for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.*, No. 26-12, cert. granted (U.S. Oct. 19, 2026) ("*AFEFF*"), in which argument will be heard in early 2027. The Parties disagree on whether a stay is appropriate.

a. **Defendants' Position.** Defendants believe the decision in *AFEF* is likely to inform the analysis of Plaintiff's claims and/or scope of discovery. At issue in *AFEF* is whether a plaintiff challenging a facially neutral admissions policy as racially discriminatory must establish that the targeted racial group suffered an aggregate disparate impact relative to its share of the applicant pool. In the event of affirmance, that bears critically on this Court's analysis of the issues and, in particular, may warrant revisiting the reasoning in the Court's prior motion to


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

dismiss ruling. If the Fourth Circuit's decision is reversed, it may obviate the need for certain discovery that would otherwise bear on the disparate impact analysis. As such, Defendants propose a stay of all deadlines pending a decision in *AFEF*, which is expected in spring 2027. Defendants have already had to brief two motions to dismiss in this case as a result of Plaintiff's multiple amendments and, as a taxpayer-funded state institution, UW and Defendants wish to avoid further unnecessary expenditure of taxpayer funds. A short stay will achieve this without prejudice to Plaintiffs who, by seeking to amend for a third time, have already agreed to delay resolution of this matter. Finally, Defendants submit that this "Joint Motion to Amend Scheduling Order" is a motion sufficient for the Court to resolve this issue and grant the requested stay. The Parties have met and conferred and identified their positions herein; nothing more is required for efficient resolution of this dispute.

b. **Plaintiff's Position.** Plaintiff does not believe a stay is warranted. The question presented in *AFEF* concerns whether, in a challenge to a facially race-neutral admission policy, a threshold showing of aggregate disparate impact is required before the courts may consider evidence of discriminatory intent. Here, however, this Court has already considered Plaintiff's allegations of discriminatory intent, including UW's explicit racial targets, and determined that those allegations plausibly support the inference that Defendants considered applicants' race in admissions. The Supreme Court's resolution of *AFEF* will not undermine this Court's determination that Plaintiffs have sufficiently alleged intentional discrimination or eliminate the need for discovery concerning whether and how Defendants consider race in admissions. That discovery, including evidence concerning applicant demographics, admissions outcomes, racial targets, admissions criteria, and their implementation, are relevant regardless of *AFEF*'s outcome. The ordinary costs of continuing litigation also do not merit delaying Plaintiff's claims, particularly where Plaintiff alleges


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

ongoing harm and seeks prospective relief. A stay would instead prolong the injury to Stanley Zhong and SWORD by delaying resolution of their challenge and their his opportunity to compete for admission under race-neutral criteria beyond UW's next admissions cycle. Finally, Plaintiff submits that no stay should be granted without Defendants moving the Court to that effect, with due opportunity for Plaintiff to respond.

12. Subject to resolution of the foregoing dispute over whether to stay all deadlines in this matter pending the resolution of *AFEF*, the Parties have conferred and agreed upon the proposed sequence of deadlines set forth below and agree that the below deadlines should apply either now (if no stay pending resolution of *AFEF* is granted) or after a stay pending the resolution of *AFEF* is lifted.

## II. STIPULATED MOTION TO AMEND SCHEDULING ORDER

13. Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Good cause exists here because Plaintiff intends to promptly seek leave to file a Third Amended Complaint, Defendants do not intend to oppose that motion, and the proposed amendment will likely affect the proper scope of the Parties' Rule 26 disclosures, conference, discovery plan, and ensuing discovery.

14. The proposed schedule will allow the Court to resolve Plaintiff's motion for leave to amend and, if leave is granted, allow Plaintiff to file the Third Amended Complaint and Defendants to respond before the Parties undertake discovery obligations based on the operative pleadings. The Parties stipulate that if the Court grants Plaintiff leave to file a Third Amended Complaint, Defendants will file a responsive pleading or motion otherwise permitted under Federal Rules.

15. The proposed schedule will conserve party and judicial resources, avoid potentially duplicative work, and facilitate an orderly progression of the case.

16. The requested modification is made in good faith and will not prejudice any party.

17. Accordingly, the Parties respectfully propose the following schedule:


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

| Event | Date |
|---|---|
| Plaintiff files Unopposed Motion for Leave to file Third Amended Complaint. | November 20, 2026. |
| Plaintiff files and serves Third Amended Complaint, if leave is granted. | Within fourteen 14 days of the order granting leave to file Third Amended Complaint, per LCR 15. |
| Defendants' responsive pleading to Third Amended Complaint. | Within 60 days after the Third Amended Complaint is filed. |
| Discovery commences. | 30 days after Defendants' Answer to the Third Amended Complaint, or alternatively, if leave to amend is denied, then 30 days after the order denying leave to amend. |
| FRCP 26(f) Conference. | 14 days after Defendants' Answer to the Third Amended Complaint, or alternatively, if leave to amend is denied, then 14 days after the order denying leave to amend. |
| Initial Disclosures Pursuant to FRCP 26(a)(1). | 14 days after the Parties' FRCP 26(f) Conference. |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 21 days after the Parties' FRCP 26(f) Conference. |

WHERFORE, for the foregoing reasons, the Parties jointly respectfully request that this court amend its Order as set forth herein.

Respectfully submitted this 19th day of November 2026.

DATED: November 20, 2026.

Respectfully submitted,

*/s/ Wesley P. Hottot*
WESLEY P. HOTTOT, Wash. Bar No. 47539
Email: WHottot@pacificlegal.org
Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
Telephone: (425) 576-0484
Facsimile: (916) 419-7747

ANDREW R. QUINIO, Cal. Bar No. 288101*
Email: Aquinio@pacificlegal.org
ERIN E. WILCOX, Cal. Bar No. 337427*
Email: Ewilcox@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111

JACK BROWN, DC Bar No. 90000651*
Email: Jbrown@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881

*Attorneys for Plaintiffs*
**Pro hac vice*

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *<u>/s/Nickolas Bohl</u>*
NICKOLAS BOHL (WSBA No. 48978)
nbohl@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

ROBERT M. MCKENNA (WSBA No. 18327)
rmckenna@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

MARC SHAPIRO (*pro hac vice*)
mrshapiro@orrick.com
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000

MATTHEW D. LABRIE (*pro hac vice*)
mlabrie@orrick.com
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: +1 617 880 1802

Special Assistant Attorneys General
*Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document contains 1,494 words, which does not exceed the 2,100-word limit prescribed by LCF 7(e)(6).

*/s/ Wesley P. Hottot*
WESLEY P. HOTTOT, Wash. Bar No. 47539


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

**[PROPOSED] ORDER**

For the reasons set forth above, and finding good cause, the Court hereby grants the Parties' Joint Stipulated Motion to Amend the Scheduling Order and orders as follows:

1. The schedule for this matter shall be:

| Event | Date |
|---|---|
| Plaintiff files Unopposed Motion for Leave to file Third Amended Complaint. | November 20, 2026. |
| Plaintiff files and serves Third Amended Complaint, if leave is granted. | Within 14 days of the order granting leave to file Third Amended Complaint, per LCR 15. |
| Defendants' responsive pleading to Third Amended Complaint. | Within 60 days after the Third Amended Complaint is filed. |
| Discovery commences. | 30 days after Defendants' Answer to the Third Amended Complaint, or alternatively, if leave to amend is denied, then 30 days after the order denying leave to amend. |
| FRCP 26(f) Conference. | 14 days after Defendants' Answer to the Third Amended Complaint; or alternatively, if leave to amend is denied, then 14 days after the order denying leave to amend. |
| Initial Disclosures Pursuant to FRCP 26(a)(1). | 14 days after the Parties' FRCP 26(f) Conference. |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 21 days after the Parties' FRCP 26(f) Conference. |

IT IS SO ORDERED.

DATED this ___ day of November 2026.

________________________________
JAMES L. ROBART
United States District Judge


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484

Presented by:

/s/ Wesley P. Hottot
WESLEY P. HOTTOT, Wash. Bar No. 47539
Email: WHottot@pacificlegal.org
Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
Telephone: (425) 576-0484
Facsimile: (916) 419-7747

ANDREW R. QUINIO, Cal. Bar No. 288101*
Email: Aquinio@pacificlegal.org
ERIN E. WILCOX, Cal. Bar No. 337427*
Email: Ewilcox@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111

JACK BROWN, DC Bar No. 90000651*
Email: Jbrown@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881

*Attorneys for Plaintiffs*
**Pro hac vice*

ORRICK, HERRINGTON & SUTCLIFFE LLP
By: /s/Nickolas Bohl
NICKOLAS BOHL (WSBA No. 48978)
nbohl@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

ROBERT M. MCKENNA (WSBA No. 18327)
rmckenna@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101-2668
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

MARC SHAPIRO (*pro hac vice*)
mrshapiro@orrick.com
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000

MATTHEW D. LABRIE (*pro hac vice*)
mlabrie@orrick.com
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: +1 617 880 1802

Special Assistant Attorneys General
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing motion to be served on all parties registered for e-service in this matter via the Court's e-filing platform.

DATED: November 20, 2026.

*/s/ Wesley P. Hottot*
WESLEY P. HOTTOT


Pacific Legal Foundation
1425 Broadway, #429
Seattle, Washington 98122
(425) 576-0484